UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80102-CIV-SINGHAL/Matthewman

TING PENG, et al., on behalf of themselves
individually and all others similarly situated,
and derivatively on behalf of HARBOURSIDE
FUNDING, LP,

    Plaintiffs,

v.

NICHOLAS A. MASTROIANNI, II, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendants' Motion to Dismiss First Amended Complaint (DE [30]). The Court has reviewed the parties' submissions and heard argument of counsel. For the reasons set forth below, the Motion to Dismiss First Amended Complaint is **GRANTED IN PART AND DENIED IN PART.**

I. BACKGROUND

Plaintiffs Ting Peng and Lin Fu filed this putative class action and derivative action on behalf of themselves, other investors/members, and Harbourside Funding, LP, a Florida limited partnership ("Funding Partnership"). Plaintiffs and the 197 putative class members (the "Limited Partners") each invested $500,000 in the Funding Partnership via the EB-5 Immigrant Investor Visa Program (the "EB-5 Program") and became limited partners. The EB-5 Program enables immigrants to become permanent residents of the United States by investing at least $500,000 in a U.S. business that will use the funds in

a manner that creates or maintains at least 10 full-time American jobs. *See* 8 U.S.C. § 1153(b)(5).

The First Amended Complaint (DE [24]) alleges that the Funding Partnership was created to raise $100 million through EB-5 investments and loan the invested money to Harbourside Place, LLC (the "Developer") to fund the building of a mixed-use commercial development in Jupiter known as Harbourside Place.  Defendant Nicholas Mastroianni ("Mastroianni") allegedly owned and controlled each of the entities involved in the creation of Harbourside Place, including Harbourside Funding GP, LLC (the "General Partner") of the Funding Partnership, and Florida Regional Center, LLC, ("Regional Center"). The Regional Center was created by Mastroianni and was approved by the United States government to administer the EB-5 program for Palm Beach County, Florida.

The Funding Partnership loaned the Developer $99.5 million through the putative class members' investments via the EB-5 program.  Pursuant to the Loan Agreement between the Funding Partnership and the Developer, interest payments were to be made monthly until the loan matured on November 30, 2017, at which time the principal would be repaid.  As an alternative to repaying the loan principal, the Loan Agreement gave the Developer the option of converting the principal into units of common membership interest in the Developer, if certain conditions were met and the Loan Agreement was not in default.

As the maturity date approached, Defendants unsuccessfully attempted to obtain the Limited Partners' approval to extend the term of the loan and to approve exercise of the conversion clause. Plaintiffs allege that rather than repay the $99.5 million loan at the maturity date, Defendants unilaterally and without notice converted the Developer from a

Florida LLC to a Delaware LLC[1] (which terminated the limited partners' statutory right to vote) and, in December 2017, improperly converted the EB-5 loan principal into a single unit of "preferred" membership in the Developer in the name of the Funding Partnership, rather than into multiple units of common membership for the Limited Partners. Plaintiffs challenge the non-repayment of the loan principal, the conversion of the Funding Partnership to a Delaware LLC, and the conversion of the loan principal into a single unit of preferred membership in the name of the Funding Partnership.

The Complaint sets forth ten counts: Count I – Declaratory Relief on behalf of the Funding Partnership; Count II – Declaratory Relief on behalf of the Limited Partners; Count III – Breach of Fiduciary Duty on behalf of the Funding Partnership; Count IV – Breach of Fiduciary Duty on behalf of the Limited Partners; Count V – Aiding and Abetting Breach of Fiduciary Duty to the Funding Partnership against the Regional Center and the Developer; Count VI – Aiding and Abetting Breach of Fiduciary Duty to the Limited Partners against the Regional Center and the Developer; Count VII – Breach of Contract on behalf of the Funding Partnership against the Developer; Count VIII – Conversion on behalf of the Limited Partners against Mastroianni and the Developer; Count IX – Civil Theft on behalf of the Limited Partners against Mastroianni and the Developer; and Count X – Accounting on behalf of the Funding Partnership against Defendants Mastroianni, the General Partner, and the Developer.

---

[1] According to the First Amended Complaint, Florida law grants limited partners a statutory right to vote but Delaware law does not.

## II. MOTION TO DISMISS STANDARDS

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 556 U.S. 449 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). In reviewing the complaint, the court must do so in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1262

(11th Cir. 2004) (citation omitted); *see also Iqbal,* 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

### III. DISCUSSION

At the outset, the Court notes that the Motion to Dismiss addresses more than the sufficiency of the pleadings and the viability of Plaintiffs' legal theories. To a great extent, Defendants' Motion to Dismiss contends that Plaintiffs' allegations are not *factually* plausible. Defendants have submitted a Declaration (DE [30]) containing hundreds of pages of documents that govern the parties' transaction. To the extent Defendants argue "for dismissal because the documents attached to the Complaint contradict some of the allegations in the Complaint . . ., the Court finds this argument unpersuasive, particularly at the pleading stage." *Lan Li v. Walsh*, 2017 WL 3140522, at *6 (S.D. Fla. July 24, 2017). The parties' dispute lies in competing interpretations of the documents. Plaintiffs allege that they were, in some instances, not provided with the full documents or were presented with different versions of documents. These issues are more properly raised in a motion for summary judgment. At this stage of the litigation, the Court will address the Motion to Dismiss on the basis of the four corners of the Complaint.

### A. Statute of Limitations

Defendants argue that the statute of limitations bars Plaintiffs' Declaratory Judgment, Breach of Contract, Conversion, and Civil Theft claims. The Court disagrees. Plaintiffs challenge the Defendants' November 2017 decision to invoke the conversion clause and the December 2017 conversion of the Developer from a Florida LLC to a Delaware LLC. The Loan Agreement permitted conversion of the loan into equity if the

Loan Agreement was not in default.  Plaintiffs argue, in part, that the conversion was improper because prior to the conversion Defendants had committed – and failed to cure – defaults of the Loan Agreement.[2]  Defendants move to dismiss because the underlying defaults occurred well beyond the statute of limitations period.  But Plaintiffs' claims are not based upon the underlying defaults; the claims are based upon events that occurred in November and December 2017, well within the statute of limitations periods.[3]

### B. Failure to State a Direct Claim for Relief

Defendants move to dismiss the five direct claims brought on behalf of the Limited Partners:  Count II (Declaratory Relief); Count IV (Breach of Fiduciary Duty); Count VI (Aiding and Abetting Breach of Fiduciary Duty); Count VIII (Conversion); and Count IX (Civil Theft).

#### 1. Fla. Stat. § 620.2001

Defendants argue that Counts II (Declaratory Relief), IV (Breach of Fiduciary Duty), and VI (Aiding and Abetting Breach of Fiduciary Duty) are barred by Florida Statute § 620.2001.  Each of these counts are brought on behalf of the putative class members.  Defendants argue that these claims are duplicative of the derivative claims asserted on behalf of the Funding Partnership and subsumed by Counts I, III, and IV.  Plaintiffs respond that they allege injuries to the Limited Partners that are separate and distinct from the injuries sustained by the Funding Partnership and, therefore, their claims are not subsumed by Counts I, III, and IV.

---

[2] The Amended Complaint alleges several Events of Default existed at the time the Developer exercised the conversion provision of the EB-5 Loan Agreement: the subordination of the EB-5 loan to a mortgage loan and the use of the EB-5 loan funds to pay off the mortgage loan "in contravention of the express purpose of the EB-5 Loan Agreement." (DE [24], ¶ 57).
[3] The following statutes of limitations apply: breach of contract – five years, Fla. Stat. § 95.11(2)(b); conversion – four years, Fla. Stat. § 95.11(3)(h), (i); civil theft – five years, Fla. Stat. § 772.17.

Section 620.2001, Florida Statutes, requires that a partner commencing a direct action against a partnership or another partner plead and prove an actual or threatened injury that "is not solely the result of an injury suffered or threatened to be suffered by the limited partnership." Fla. Stat. § 620.2001(2).  A shareholder may bring a non-derivative claim "for injuries suffered directly by the shareholder that are separate and distinct from injuries to all other shareholders, i.e., an injury separate and distinct from that sustained by the . . . corporate entity." *In re Se. Banking Corp.,* 827 F. Supp. 742, 745 (S.D. Fla.1993), *rev'd on other grounds,* 69 F.3d 1539 (11th Cir. 1995) (concluding that whether a claim is considered direct or derivative is a matter of state law) (adopting *In re Sunrise Sec. Litig.,* 916 F.2d 874, 880 (3rd Cir.1990)); *see also Harrington v. Batchelor,* 781 So. 2d 1133, 1135 (Fla. Dist. Ct. App. 2001) ("stockholder may bring suit in his own right to redress injury sustained directly by him") (internal citation omitted).

Upon review of the Amended Complaint, the Court concludes that the Limited Partners have alleged injuries that are separate and distinct injuries from those allegedly sustained by the Funding Partnership. Count II (Declaratory Judgment) is based upon the alleged right of each Limited Partner to receive notice of the General Partner's intent to exercise the conversion clause of the Loan Agreement and the alleged right to vote on the plan to invest in the Developer after converting it to a Delaware LLC, whereas the derivative claim for declaratory judgment seeks a declaration that the Defendants were not entitled to exercise the conversion provisions because of the prior defaults.

Likewise, Counts III (derivative breach of fiduciary duty) and IV (direct claim for breach of fiduciary duty) allege different injuries sustained by the Limited Partners and

7

the Funding Partnership. Specifically, the breaches of fiduciary duty that led to the conversion are alleged to have injured the Funding Partnership by causing it to become the owner of a "preferred" membership interest in the Developer when the Loan Agreement required the issuance of units of common membership interests. By contrast, the breaches of fiduciary duty allegedly caused the non-repayment of the Limited Partners' $500,000 investments and deprivation of the voting rights the limited partners would have had under Florida law if the Developer had not been reorganized under Delaware law. The injuries of the Limited Partners are separate and distinct from the injuries allegedly sustained by the Funding Partnership. Accordingly, the Court concludes that the Amended Complaint alleges facts that would establish standing on the part of the Limited Partners.

2. Direct Claims Against Mastroianni

The Amended Complaint seeks liability against the General Partner, Mastroianni, in his individual capacity. Mastroianni moves to dismiss the claims arguing that Plaintiffs have failed to allege any facts to support piercing the corporate veil. The Court disagrees. To pierce a corporate veil, three factors must be met:

(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (quoting *Seminole Boatyard, Inc. v. Christoph,* 715 So.2d 987, 990 (Fla. 4th DCA 1998)).

8

The Amended Complaint alleges facts which, if true, would support the piercing of the corporate veil. The crux of Plaintiffs' case is that Mastroianni orchestrated the creation of the EB-5 program to fund the Harbourside development, borrowed $99.5 million from foreigners seeking green cards through the EB-5 program, then used his control of the Developer to borrow more than had been agreed, subordinated the Funding Partnerships' loan, and converted the loan principal into an equity position not approved or agreed to by Plaintiffs. In addition, the Amended Complaint cites sworn testimony that Mastroianni had a practice of co-mingling and funneling funds from various accounts. The facts alleged support the claims against Mastroianni individually.

3. Conversion and Civil Theft

Defendants move to dismiss Counts VIII (Conversion) and IX (Civil Theft) for failure to state a claim. The conversion count alleges that each of the Limited Partners deposited $500,000 in escrow for the purpose of funding the EB-5 loan that was to be used to develop the Harbourside project. The Defendants had explained in the Offering Memorandum that the EB-5 loan would be repaid no later than November 30, 2012, and that the repayment would be ensured either through a refinancing of the loan or through the sale of all or a portion of the development. The Amended Complaint alleges that Defendants made no effort to repay the loan, obtain refinancing, or sell any of the development but instead improperly exercised the conversion provision of the EB-5 loan.

Both conversion and civil theft require facts showing that the plaintiff had possession or an immediate right to possession of the converted property at the time of the conversion. *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005). A claim

for civil theft requires an additional element of criminal intent. *Gokalp v. Unsal,* 284 So. 3d 1097, 1098-99 (Fla. 4th DCA 2019).

Defendants argue that Plaintiffs cannot circumvent a contractual relationship by pleading conversion. A mere obligation to pay a debt cannot be enforced by a conversion action. *Gaspirini*, 972 So.2d at 1055. "This is not to say that there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties, but rather that the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of the contract." *Walker v. Figarola*, 59 So.3d 188, 190 (Fla. 3d DCA 2011).

Plaintiffs argue that the breach of contract action for the non-repayment of the loan belongs to the Funding Partnership, not to the Limited Partners and, therefore, the conversion and civil theft claims are properly pled. The Limited Partners joined the EB-5 program by investing $500,000 in the Funding Partnership as described in Defendants' offering documents. Plaintiffs argue that Defendants' actions – failing to provide the required notice to invoke the conversion clause of the Loan Agreement, converting the Developer to a Delaware LLC, and issuing a single unit of preferred membership in the new company instead of issuing units of common membership in the Florida LLC – are actions beyond a breach of contract that support the conversion and civil theft claims. The Court disagrees.

The factual accusations against Defendants arise from and are inherently tied to the contracts and agreements. The Limited Partnership Agreement governs the dispute. To support claims of conversion and civil theft, the wrongdoing must go beyond and be independent from a breach of contract. *Id.* For example, in *Heldenmuth v. Groll*, 128

So.3d 895 (Fla. 4th DCA 2013), the defendants' embezzlement of funds for their own use had nothing to do with the terms of the agreement and, therefore, the complaint stated a claim for conversion. *Id.* at 896-97. By contrast, every action complained of by Plaintiffs in the present case arises from and is based upon the documents that govern the transaction. This is not a conversion. *LBS Petroleum, LLC v. Demir*, 2015 WL 12469064, at *11 (S.D. Fla. Oct. 28, 2015) ("If [Defendant] failed to use Plaintiff's funds for this specific purpose, he breached the contract and he may even have committed fraud if he never intended to apply the funds to their intended purpose but he has not committed conversion."). The Amended Complaint fails to state a claim for conversion or civil theft and Counts VIII and IX will be dismissed.

### C. Failure to State a Claim for Derivative Relief

Defendants move to dismiss for failure to state a claim the five derivative claims brought on behalf of the Funding Partnership: Count I (Declaratory Relief); Count III (Breach of Fiduciary Duty); Count V (Aiding and Abetting Breach of Fiduciary Duty); Count VII (Breach of Contract) and Count X (Accounting).

#### 1. No Justiciable Controversy to Permit a Declaratory Judgment Claim

Defendants argue that the First Amended Complaint fails to state any derivative claim for relief on behalf of the Funding Partnership. They move to dismiss Count I for Declaratory Relief because (1) there is no continuing controversy between the parties and (2) the allegations in Count I are subsumed in the breach of contract count, Count VII.

Count I seeks a declaration that Defendants violated the agreement with the Funding Partnership by exercising the conversion provisions of the EB-5 Loan Agreement

11

notwithstanding prior, uncured defaults. The alleged controversy between the parties arises from Defendants' contention that any defaults were "cured by payment prior to the debt conversion, which each Plaintiff accepted without protest or reservation." (DE [24], ¶ 83). As a result, Plaintiffs contend that an "actual controversy" exists between the parties.

The breach of contract claim (Count VII) makes the same allegations: Defendants committed multiple defaults of the EB-5 Loan Agreement, failed to cure them, but nevertheless exercised the conversion provisions of the Agreement instead of paying the loan principal (DE [24], ¶¶ 119-20). Plaintiffs argue that the claim for declaratory relief is different because it seeks to "stop the ongoing effort to delay the repayment" (DE [36], p.20 n. 6), but the relief is the same: repayment of the loan principal. The Court agrees with Defendants that a declaratory judgment is not the proper remedy in this instance. The allegations in Count I are repeated almost verbatim in the breach of contract count (Count VII). Since the Plaintiff's derivative claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action claim (Count I) must be dismissed. *Fernando Grinberg Tr. Success Int. Properties LLC v. Scottsdale Ins. Co.*, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010).

    2. <u>Failure to State a Claim for Breach of Fiduciary Duty</u>

Counts III and V of the Amended Complaint allege, respectively, a breach of fiduciary duty and aiding and abetting a breach of fiduciary duty owed to the Funding Partnership. The breach of fiduciary duty count is brought against Mastroianni and the General Partner and the aiding and abetting count is brought against the Regional Center and the Developer.

The Court agrees with Defendants' assessment that the Amended Complaint alleges no facts that would support a claim of aiding and abetting against the Regional Center and the Developer.  The conclusory statement "[t]he Regional Center and the Developer, with knowledge of Mastroianni and the General Partner's breaches of fiduciary duty, aided and abetted, provided substantial assistance, and encouraged those breaches of duty" (DE [24], ¶¶104) does not present any facts from which a claim for aiding and abetting can be plausibly supported.  Conclusory statements are entitled to little weight and will not prevent dismissal.  *Jackson*, 372 F.3d at 1262.  Accordingly, Counts V will be dismissed.

The derivative claim for breach of fiduciary duty against Mastroianni and the General Partner, however, survives at this stage. The claim alleges facts far beyond the simple failure to repay a loan.  Defendants' opposition to the breach of fiduciary duty claim are matters of proof better addressed at summary judgment or trial.  The Motion to Dismiss Count III will be denied.

3. Accounting

Defendants move to dismiss Count X of the Complaint, which seeks an accounting on behalf of the Funding Partnership.  Defendants contend the Limited Partnership Agreement contains an express Waiver of Accounting that bars this claim: "Except as may be otherwise required by law, each Partner hereby irrevocably waives any and all rights that it may have to maintain an action for an accounting, partition or similar action in connection with the Partnership or any of the Partnership's property."  Plaintiffs acknowledge the Waiver of Accounting clause, but argue that the claim is brought

derivatively on behalf of the Funding Partnership, not on behalf of the individual limited partners. Defendants counter with the rule that "a complaint brought as a derivative action is by definition brought by a [limited partner] on behalf of a [limited partnership]." *Sinibaldi v. Sinibaldi ex rel. Get Strong, Inc.,* 100 So. 3d 72, 73 (Fla. 2nd DCA 2011). The *Sinibaldi* case does not support Defendants' conclusion. There, the court ruled that the shareholder's derivative claims for an accounting and damages belonged to the corporation, not to the individual shareholders, and reversed a judgment entered in favor of the shareholders. *Id.* Likewise, the claim for accounting in this case belongs to the Funding Partnership, not the Limited Partners. The Waiver of Accounting clause is inapplicable. The Motion to Dismiss Count X will be denied.

IV. CONCLUSION

As set forth in detail above, Defendants' Motion to Dismiss will be granted in part and denied in part. Plaintiff has already filed an Amended Complaint and will not be granted leave to amend the dismissed counts. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint (DE [30]) is **GRANTED IN PART AND DENIED IN PART**. Count I (Declaratory Judgment), Count V (Aiding and Abetting), Count VIII (Conversion), and Count IX (Civil Theft) are **DISMISSED WITH PREJUDICE**. The remaining motion is **DENIED.** Defendants shall answer the First Amended Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of October 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF