**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 20-80102-CIV-CANNON/Reinhart**

**TINA PENG and LIN FU, on behalf of themselves**
**and all others similarly situated**,

      Plaintiffs,

v.

**NICHOLAS A. MASTROINNI II;**
**FLORIDA REGIONAL CENTER, LLC, a Delaware**
**Limited Liability Company; HARBOURSIDE FUNDING**
**GP, LLC, a Florida Limited Liability Company; and**
**HARBOURSIDE PLACE, LLC, a Delaware Limited**
**Liability Company,**

      Defendants,

and

**HARBOURSIDE FUNDING, LP, a Florida Limited Partnership**,

      Nominal Defendant.

_____/

<u>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES**</u>

      **THIS CAUSE** comes before the Court upon Defendants' Motion for Attorneys' Fees and Costs ("Motion") [ECF No. 103].  The Court has reviewed Defendants' Motion, Plaintiffs' Response in Opposition [ECF No. 112], Defendants' Reply in Support of the Motion [ECF No. 114], all documentation supplied in support of the Motion [ECF No. 104; ECF Nos. 104-1 through 104-11], and the applicable authorities.  Being fully advised in the premises, the Motion is **GRANTED IN PART** [ECF No. 103].

      "Section 772.11 of [Florida's] civil theft statute provides that '[t]he defendant is entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim that was without substantial fact or legal support.'"  *Almeida v. Amazon.com, Inc.*, 456 F.3d

1316, 1328 (11th Cir. 2006) (quoting Fla. Stat. § 772.11(1)). This statutory language imposes a mandatory fee-shifting requirement upon a finding that a claimant asserted a cause of action for civil theft that was without substantial fact or legal support. *See Ciaramello v. D'Ambra*, 613 So. 2d 1324, 1325 (Fla. Dist. Ct. App. 1991). That is the case here. Plaintiffs raised a civil theft claim in three separate Complaints filed in this action: an initial complaint [ECF No. 1 ¶¶154-167], a First Amended Complaint [ECF No. 24 ¶¶129-141], and a Second Amended Complaint [ECF No. 77 ¶¶126-138]. Following Defendants' Motions to Dismiss [ECF No. 19; ECF No. 30; ECF No. 84], the Court found in two separate orders that Plaintiff's claim for civil theft was without legal or factual support because it did not operate independently from Defendants' alleged breach of contract [ECF No. 54 p. 11; ECF No. 96 p. 10]. In this process, the Court gave Plaintiffs an opportunity to replead their claim in light of the requirements of Florida law [ECF No. 73; *see* ECF No. 54], but Plaintiffs nevertheless reasserted a similarly deficient civil theft claim in their Second Amended Complaint [ECF No. 77]. Accordingly, in this case, under the mandatory terms of Fla. Stat. § 772.11(1), Defendants are entitled to recover their reasonable attorneys' fees.

With respect to the reasonableness of the attorneys' fees sought, the Court has reviewed the full record, including Attorney Richard Haddad's sworn declaration in support of Defendants' Motion for Attorneys' Fees [ECF No. 104], and all supporting invoices for legal services rendered to date to contest Plaintiffs' civil theft claim [ECF Nos. 104-1 through 104-11]. Following that review, the Court finds Defendants' request for $54,846.45 to be reasonable in part. The hours expended in reference to Plaintiffs' First Amended Complaint are reasonable [$40,665.15 for 65.8 hours], but the requested sum sought in reference to Plaintiffs' Second Amended Complaint [$14,181.30 for 25 hours] exceeds the Court's estimation of the work necessary to respond to Plaintiffs' essentially repackaged and similarly deficient amended civil theft claim. Accordingly,

CASE NO. 20-80102-CIV-CANNON/Reinhart

it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Attorneys' Fees and Costs [ECF No. 103] is **GRANTED IN PART**.

2. Defendants' proposed fees for the hours expended in contesting the civil theft claims asserted in the Second Amended Complaint are hereby reduced by one half from $14,181.30 to $7,090.65.

3. Defendants therefore are entitled to attorneys' fees in the amount of **$47,755.80** to be paid by Plaintiffs within thirty (30) days of the entry of this Order.

4. Plaintiffs shall submit a Notice of Compliance with this Order in the Court record within five (5) days of payment to Defendants.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 9th day of July 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record