UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80102-CANNON/Reinhart

TING PENG and LIN FU, on behalf of
themselves individually and all others similarly
situated, and derivatively on behalf of
HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Plaintiffs,

vs.

NICHOLAS A. MASTROIANNI II;
HARBOURSIDE FUNDING GP, LLC, a
Florida limited liability company; and
HARBOURSIDE PLACE, LLC, a Delaware
limited liability company,

      Defendants,

and

HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Nominal Defendant.

**EXPEDITED MOTION TO APPOINT MAGISTRATE JUDGE AS SPECIAL MASTER
AND TO MODIFY SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure ("Rule") 53, Southern District of Florida Local Rule 7.1(d)(2), and Southern District of Florida Magistrate Judge Rule ("Mag. Rule") 1(g), Plaintiffs Ting Peng and Lin Fu hereby submit this Expedited Motion to Appoint Magistrate Judge as Special Master and to Modify Scheduling Order for the purpose of requiring Defendant Nicholas Mastroianni to appear for deposition and remain there until the deposition is completed, and to prevent him from succeeding with his efforts to frustrate discovery by extending the close of discovery long enough to appoint the Special Master and to conduct the deposition Mastroianni has thus far evaded—despite the additional time the Court provided by modifying the Scheduling Order only three weeks ago.

## I.      RELEVANT PROCEDURAL HISTORY

As they explained in their Expedited Motion to Modify Scheduling Order (ECF 120), Plaintiffs had spent months attempting to negotiate a date for Mastroianni's deposition and, when he finally appeared to testify on September 8, 2021, then left the deposition less than two hours after it started, claiming that he had to attend to a family emergency. Plaintiffs' counsel immediately agreed to suspend the deposition, but then spent the next month attempting to negotiate the remainder of the deposition. When Defendants' counsel agreed to a date, however, he canceled at the last minute, again claiming that a family emergency left him with no choice. Plaintiffs were still struggling to obtain a firm date with only a few days before discovery was scheduled to close (on October 15), so they filed an expedited motion to modify the Scheduling Order, which the Court granted on October 13, 2021. (ECF 123)

The day after the Court issued that order, Defendants' counsel said he expected Mastroianni's assistant to provide him with a date on which the deposition could resume the following day. *See* Declaration of Jeffrey L. Fazio in Support of Expedited Motion to Appoint

Magistrate Judge as Special Master ("Fazio Decl."), Ex. 1 at 2.[1] On October 15, Mastroianni's counsel proposed October 22 at 1:30 or 2:00 p.m. or October 25 at 9:00 a.m. Plaintiffs agreed to the latter to ensure there would be ample time to complete the deposition. *See* Fazio Decl. ¶ 3 & Ex. 1 at 1.

Approximately 15 minutes after the deposition was scheduled to begin, however, neither the court reporter nor Mastroianni or his counsel had signed on to Zoom (only Ashley Flucas, the former General Counsel of U.S. Immigration Fund (a Mastroianni company) was in attendance). *See* Ex. 2. Shortly thereafter, Plaintiffs' counsel sent an email to Defendants' counsel that the reporter was having technical difficulties and was looking for a substitute. *See* Ex. 3. Several minutes later, Mastroianni and his counsel signed on to Zoom, but before Defendants' counsel responded to the message, Mastroianni had already logged off, so Plaintiff's counsel asked whether this meant that he wanted to reschedule the deposition. *See* Ex. 4.

When Defendants' counsel still did not answer, Plaintiffs' counsel advised him once again that the court report had technical difficulties and the service was looking for a substitute, but had yet to find one, so he asked again whether Mastroianni wanted to reschedule. *See* Ex. 5 at 1. Defendants' counsel responded with a message containing two dates: October 28 at 2:00 p.m. or November 10 at 9:00 a.m. *Id*.

October 28 was problematic because the deposition would begin so late in the day, and because Plaintiffs' counsel was scheduled to appear at a hearing in another matter in the Central District of California that day. *Id*. November 10 was more problematic, however, because it was only nine days before discovery would close, and in light of Mastroianni's habit of terminating depositions prematurely or failing to appear at all. *See* Fazio Decl. ¶¶ 4-7. Ultimately Plaintiffs'

---

[1] Unless otherwise indicated, citations to "Ex." refer to the exhibits appended to the declaration filed in support of this motion.

counsel expressed a preference for October 28, but would accept November 10 if the hearing was not postponed. *See* Ex. 5 at 1.

The next day, Plaintiffs' counsel notified Defendants' counsel that the October 28 hearing had been vacated and the parties agreed to resume Mastroianni's deposition on October 28. *See* Ex. 6.

Two hours before the deposition was scheduled to begin, however, Defendants' counsel sought to reschedule yet again because he and Mastroianni were "in the midst of closing on another totally unrelated matter that was supposed to close [the day before]." Ex. 7 at 1-2.

Plaintiffs' counsel responded by advising Defendants' counsel that he needed immediate confirmation that the deposition would be completed the following week because he was fully committed on other cases through the close of discovery. *See* Ex. 7. When Defendants' counsel did not reply, Plaintiffs' counsel sent another message to Defendants' counsel to advise him once again that he needed to confirm "immediately that the deposition will take place next week and that it will be concluded the same day." Ex. 8.

When Defendants' counsel's only response was to state that he was on CourtCall, Plaintiffs' counsel replied that Plaintiffs would file a motion to compel with Magistrate Judge Reinhart on an expedited basis, which Defendants would be required to join pursuant to Magistrate Reinhart's Standing Order. *See* Ex. 9. Shortly thereafter, Defendants' counsel proposed to make Mastroianni available the following Monday (November 1), and Plaintiffs' counsel immediately agreed. *See* Ex. 10.

The following Monday (November 1), Defendants' counsel canceled again. This time, he stated that he "just spoke with Mr. Mastroianni who is sick today and is going to the doctor.  Can we reschedule to Wednesday or Thursday?" Ex. 11 at 3. Once again, Plaintiffs' counsel agreed,

-3-

replying that he was "available on Thursday (November 4), but if Mastroianni does not appear or does not remain until the deposition is completed that day – for ***any*** reason – Plaintiffs will seek an order imposing sanctions and that Magistrate Judge Reinhart or a court-appointed special master preside over the deposition to ensure that this does not happen again." *Id.* at 2 (emphasis in original).

Incredibly, however, on Tuesday, November 2, Defendants' counsel canceled yet again, claiming that he "had a misunderstanding about the witness' availability. Yesterday when I heard next Wednesday or Thursday and proposed those days to you I thought that was November 3 or 4, which was not the witness' understanding. He meant 'next' Wednesday or Thursday, as opposed to 'this' Wednesday or Thursday. So we are proposing November 10 or 11." *Id.*

In the same message, Defendants' counsel went on to characterize the statement that Plaintiffs would seek sanctions and an order appointing Magistrate Judge Reinhart to preside over the deposition as a "misplaced threat," but if Plaintiffs did file a motion, they should advise the Court that he and Mastroianni "were all ready and on Zoom last Monday, October 26th [*sic*] for the deposition as scheduled, when we had to reschedule because your court reporter did not show and you could not arrange a substitute." *Id.* Defendants' counsel also asserted that a motion is not necessary because "there is no effort to avoid your deposition." *Id.*

Both assertions are demonstrably false. First, it is simply not true that a substitute court reporter could not be arranged on October 25. As discussed above, the service had already begun looking for a substitute within 15 minutes after the deposition was to have begun, but Mastroianni had already signed off of Zoom within minutes of logging in, and Defendants' counsel opted to reschedule when given the choice of waiting or rescheduling. *See* Exs. 2, 4, 5.

Second, to the extent that the record leaves any room for doubt that Mastroianni has been avoiding his deposition since Plaintiffs began trying to schedule it ***last June***, the fact that

-

**-4-**

Mastroianni has engaged in precisely the same elusive conduct *in other litigation* eliminates any such doubt. The day after Defendants' counsel sent the email message described above, counsel for the plaintiffs in the related state court action, *Fu v. Mastroianni,* No. 50-2018- CA-012883-XXXXMB (15th Jud. Dist. Ct. Palm Beach Cty.), advised Plaintiffs' counsel that Mastroianni had repeatedly claimed that an "emergency" had developed that either prevented his deposition from starting or required him to leave before the examination was completed. *See* Fazio Decl. ¶ 13.

But Plaintiffs' counsel did not have to rely on the word of counsel for the *Fu* plaintiffs. In response to Plaintiffs' discovery requests, Defendants produced one of the transcripts of Mastroianni's deposition in the *Fu* case, which not only confirms what counsel for the Fu plaintiffs said about Mastroianni using excuses to avoid depositions, it reveals that the excuse Mastroianni made in that case is *identical* to the one he made most recently in the present case: that Mastroianni and his counsel were working on an unrelated business matter that was apparently more important than showing up for his deposition. *See* Ex. 12 at 10:22-11:21 (explaining that Mastroianni advised plaintiffs' counsel that he had a "*hard stop*" for his deposition at 11:45 a.m. due to a "critical matter" that Mastroianni described as follows: "We're in the process of taking over a loan and a property through a foreclosure action which involves municipalities, operators. We're in the process of taking over a loan. It's a complicated—it's a complicated situation; that's why I'm in Long Island") (emphasis added).

## II.    ARGUMENT

### A.    The Appointment of a Special Master is the Only Way to Ensure Mastroianni Will Comply with Basic Rules of Discovery

"A Magistrate Judge may be designated by a District Judge to serve as a special master in appropriate civil cases in accordance with 28 U.S.C. § 636(b)(2) and Federal Rules of Civil Procedure 53." S.D. Fla. Mag. Rule 1(g). *See also* Fed. R. Civ. P. 53(h) ("A magistrate judge is

subject to this rule only when the order referring a matter to the magistrate judge states that the reference is made under this rule"); *U.S. Foodservice, Inc. v. Almost Heaven Ribs, Inc.*, No. 3:11-CV-00595, 2012 WL 1567189, at *1 (S.D.W. Va. Apr. 30, 2012) ("As Chief Judge Haden observed in *Chicago Pneumatic Tool* [107 F.R.D. 674, 675 (S.D.W. VA. 1985)], interrogatory proceedings essentially allow a commissioner "to join in the questioning during the deposition" of a judgment debtor, and the power to take depositions is specifically conferred on magistrate judges by 28 U.S.C. § 636(a)(2). Moreover, the Federal Magistrate Act specifically provides that magistrate judges 'may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.' 28 U.S.C. § 636(b)(3)"); *cf. Am. Honda Motor Co. v. Vickers Motors, Inc.*, 64 F.R.D. 118, 120 (W.D. Tenn. 1974) ("No exceptional condition or circumstance is required for the reference to the magistrate under the local rule and the statute referring to the powers and duties of full-time magistrates in this District").[2]

Nonetheless, if there were ***any*** other way to ensure that Mastroianni would appear for deposition and remain there until it was over, Plaintiffs would not have filed this motion. There is, however, no alternative.

Put simply, Mastroianni has thus thumbed his nose at his obligations under the discovery rules and at this Court, which only recently modified the Scheduling Order in this case because Mastroianni was purportedly unable to find time for the deposition Plaintiffs have sought to schedule for the past five months. Plaintiffs have attempted to resolve the matter amicably by

---

[2] Because the appointment of a Magistrate Judge as a Special Master does not involve the same issues as the appointment of a non-jurist, such as compensation and the requirement that the parties consent to the appointment. *See* Fed. R. Civ. P. 53, Advisory Committee's Notes to 1983 Amendment to subdivision (a) ("Obviously, when a magistrate serves as a special master, the provisions for compensation of masters are inapplicable . . ."), subdivision (f) ("such references can be made, with or without the consent of the parties").

offering to accommodate his schedule more than a dozen times ***before*** the prior motion was filed. *See generally* ECF 121-1, Exs. A-K.

Moreover, on the one day he agreed to appear on the day he actually showed up (on September 8, 2021), he conditioned that appearance on a "***hard stop*** by 2:15 p.m." ECF 121-1, Exs. D at 2 (emphasis added), and then left less than ***two hours*** after the deposition began, just as he has done in at least one other case, *id.,* Ex. E at 1-3. And almost immediately after the Court modified the Scheduling Order to provide additional time on October 13, Mastroianni resumed his efforts to run out the clock.

Nonetheless, Plaintiffs ***still*** sought to avoid filing this motion, urging Defendants' counsel to propose an alternative. *See* Ex. 12 at 1. As Plaintiffs' counsel also explained, because Mastroianni plans to rely on an advice-of-counsel defense, Plaintiffs need to know the identity of the attorney(s) whose advice Mastroianni purportedly followed, which not even a motion to compel would guarantee, given Mastroianni's propensity to offer last-minute excuses rather than complying with his obligations under the discovery rules. *See id.* And as Mastroianni and his counsel have demonstrated repeatedly, to the extent that he shows up at all, Mastroianni will do so only until he decides that something else is more important, then he leaves.

Accordingly, Plaintiffs respectfully request that the Court appoint Magistrate Reinhart as a Special Master to preside over Mastroianni's deposition pursuant to S.D. Mag. Rule 1(g), and modify the Scheduling Order to extend the close of discovery (which is currently set for November 19) to provide sufficient time for the deposition to proceed in accordance with Magistrate Reinhart's schedule.

## III.     CONCLUSION

For the past five months, Plaintiffs have attempted to take Mastroianni's deposition by extending him every accommodation. Yet, time after time, Mastroianni has demonstrated—in this case as well as others—that he has no intention of cooperating with his discovery obligations and has no compunction of flouting the deadlines imposed by this Court, even after they have been amended as a result of his intransigence. At bottom, Mastroianni has left Plaintiffs with no other course of action than to file this motion. Accordingly, Plaintiffs respectfully request that it be granted.

Dated: November 9, 2021                    Respectfully submitted,

by /s/ *Matthew Fornaro*

Matthew Fornaro (mfornaro@fornarolegal.com)
Florida Bar No. 0650641
**MATTHEW FORNARO, P.A.**
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
T: 954-324-3651
F: 954-248-2099

Jeffrey L. Fazio (jfazio@dehengsv.com)
Admitted *Pro Hac Vice*
**DEHENG LAW OFFICES PC**
Silicon Valley Office
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Counsel for Plaintiffs*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

I, Jeffrey L. Fazio, am counsel for Plaintiffs, who are the moving parties, and hereby certify that I have conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion, and I have been unable to do so.

by /s/ *Jeffrey L. Fazio*
Jeffrey L. Fazio

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on November 9, 2021, and served by the same means on all counsel of record.

by /s/ *Matthew Fornaro*
Matthew Fornaro

-9-