UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80102-CANNON/Reinhart

| | |
|---|---|
| TING PENG and LIN FU, on behalf of themselves individually and all others similarly situated, and derivatively on behalf of HARBOURSIDE FUNDING, LP, a Florida limited partnership,<br><br>    Plaintiffs,<br><br>vs.<br><br>NICHOLAS A. MASTROIANNI II; HARBOURSIDE FUNDING GP, LLC, a Florida limited liability company; and HARBOURSIDE PLACE, LLC, a Delaware limited liability company,<br><br>    Defendants,<br><br>and<br><br>HARBOURSIDE FUNDING, LP, a Florida limited partnership,<br><br>    Nominal Defendant. | |

**EXPEDITED MOTION FOR SUBSTITUTION OF CLASS COUNSEL**

Pursuant to Rule 4-1.16 of the Rules Regulating the Florida Bar, Southern District of Florida Local Rules ("L.R.") 7.1(d)(2) and 11.1(d)(3), and Federal Rule of Civil Procedure ("Rule") 23(g), Plaintiffs Ting Peng and Lin Fu hereby jointly move for an order substituting Jeffrey L. Fazio, who is Of Counsel to DeHeng Law Offices ("DeHeng"), with Andre Y. Bates, who is also Of Counsel to DeHeng, as Class Counsel in this action.[1]

In a seminal opinion that it issued before the Eleventh Circuit was formed, the Fifth Circuit explained that

> [i]n the context of individual-plaintiff litigation the roles of the attorney and the client are well defined. The A.B.A. Code of Professional Responsibility envisions the attorney as an advocate of the interests of the client. American Bar Ass'n, Code of Professional Responsibility, EC 7-1 (hereinafter cited as ABA Code). Although the lawyer has some freedom to make tactical choices during litigation without consulting his client, the lawyer is expected to defer to the client's wishes on major litigation decisions. See ABA Code EC 7-1, EC 7-7, EC 7-9. ***Unfortunately, it remains unclear whether this model can be carried over to the class action context, as no clear concept of the allocation of decision-making responsibility between the attorney and the class members has yet emerged***. See generally Developments in the Law Class Actions, 89 Harv.L.Rev. 1318, 1578 (1976). Certainly it is inappropriate to import the traditional understanding of the attorney-client relationship into the class action context by simply substituting the named plaintiffs as the client. The interests of the named plaintiffs and those of other class members may diverge, and a core requirement for preventing abuse of the class action device is some means of ensuring that the interests and rights of each class member receive consideration by the court. Were the class attorney to treat the named plaintiff as the exclusive client, the interests of other class members might go unnoticed and unrepresented. See Gonzales v. Cassidy, 474 F.2d 67, 69-71, 76 (5th Cir. 1973); Developments in the Law, Class Actions, 89 Harv.L.Rev. 1318, 1592-95 (1976). Thus, when a potential conflict arises between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs. In such a situation, the attorney's duty to the class requires him to point out conflicts to the court so that the court may take appropriate steps to protect the interests of absentee class members.

---

[1] In compliance with L.R. 7.1(d)(2) and to ensure that Class Counsel can prepare for trial in an orderly manner, Plaintiffs respectfully request that the Court issue a ruling on this motion by July 6, 2022. Mr. Bates's motion for admission *pro hac vice* is pending before the Court. See ECF No. 190.

*Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1176 (5th Cir. 1978), *cert. denied*, 439 U.S. 114 (1979).[2]

Although Class Counsel must discuss important issues with Class Representatives, in the event of a disagreement, "[t]he decision must be left to the district court, which must consider the best interests of the class as a whole." *Orden v. Schafer*, No. 4:09CV00971 AGF, 2016 WL 3653950, at *2 (E.D. Mo. July 7, 2016).

Here, the Class Representatives' views about the prosecution of this case, how it is managed, and the manner in which settlement issues should be handled diverge irreconcilably from Class Counsel's views on those matters. Declaration of Jeffrey L. Fazio in Support of Expedited Motion for Substitution of Class Counsel ¶¶ 2-4.[3] Indeed, the one issue on which Class Counsel and the Class Representatives are in complete agreement is that the interests of the class would be better served if the current Class Counsel, Jeffrey L. Fazio, were permitted to withdraw and substituted with another attorney with the DeHeng firm, Andre Y. Bates, who has extensive experience with class actions and other forms of complex litigation. *See id.* ¶¶ 4-5; Declaration of Andre Y. Bates in Support of Expedited Motion for Substitution of Class Counsel ("Bates Decl.") ¶¶ 2-4.

This is a valid basis for withdrawing as Class Counsel. *See, e.g., Portnoy v. United States*, 811 F. App'x 525, 531-32 (11th Cir. 2020) (allowing attorney to withdraw from representing client based on disagreements with the client); *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973) (a plaintiff can be

---

[2] *See also In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *18 (N.D. Ala. Nov. 30, 2020) (discussing same); *Medical & Chiropractic Clinic, Inc. v. Oppenheim*, No. 8:16-CV-1477-T-36CPT, 2018 WL 3707836, at *9 (M.D. Fla. Aug. 3, 2018) ("The relevant case law both within and outside the Eleventh Circuit generally holds that class counsel's duty, above all, is to the class members as a whole and not to any particular named plaintiff") (cleaned up), *aff'd,* 981 F.3d 983 (11th Cir. 2020).

[3] The attorney-client privilege precludes disclosure in this filing of the specific content of Class Counsel's communications with the Class Representatives, which would demonstrate the impossibility of continued representation. If the Court is reluctant to grant this motion based on this written submission, however, Class Counsel requests that the Court hear evidence *in camera* (with the Class Representatives' participation, should they so desire).

an adequate class representative only if able to "vigorously prosecute the interests of the class through qualified counsel").

Mr. Bates has no conflicts of interest with the Class Representatives or the Class, he is familiar with the case and, notwithstanding that he will be traveling to Oregon for his son's wedding, he will require only three weeks before he will be ready to try it by July 25, 2022. Bates Decl. ¶¶ 5-7. Thus, Mr. Bates readily meets the criteria for appointment as Class Counsel. *See* Fed. R. Civ. P. 23(g); *Access Now, Inc. v. AHM CGH, Inc.*, No. 983004CIVGOLDSIMONTO, 2000 WL 1809979, at *4 (S.D. Fla. July 12, 2000) ("Adequacy of representation is usually presumed in the absence of evidence to the contrary"). Accordingly, Plaintiffs respectfully request that the Court grant this motion.[4]

Dated: December 15, 2021

Respectfully submitted,

by /s/ *Matthew Fornaro*

Matthew Fornaro (mfornaro@fornarolegal.com)
Florida Bar No. 0650641
**MATTHEW FORNARO, P.A.**
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
T: 954-324-3651
F: 954-248-2099

Jeffrey L. Fazio (jfazio@dehengsv.com)
Admitted *Pro Hac Vice*
Andre Y. Bates (aybates@dehengsv.com)
*Pro Hac Vice* Pending
**DEHENG LAW OFFICES**
Silicon Valley Office
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Counsel for Plaintiffs*

---

[4] A completed AO154 Form (Consent Order Granting Substitution of Counsel) has been filed with this motion as a proposed order.