UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80102-CANNON/REINHART

TING PENG and LIN FU, on behalf of
themselves individually and all others similarly
situated, and derivatively on behalf of
HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Plaintiffs,

vs.

NICHOLAS A. MASTROIANNI II;
HARBOURSIDE FUNDING GP, LLC, a
Florida limited liability company; and
HARBOURSIDE PLACE, LLC, a Delaware
limited liability company,

      Defendants,

and

HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Nominal Defendant.

**MOTION TO DISQUALIFY AND/OR DISCIPLINE
COUNSEL FOR LITIGATION MISCONDUCT
AND INCORPORATED MEMORANDUM OF LAW**

    \*Defendants have filed a motion [ECF 215] for this Motion to be filed under seal because it addresses confidential settlement communications and amounts. Defendants are filing this pleading in redacted format, are serving unredacted copies on Plaintiffs' Counsel and are providing unredacted copies to the Court in camera.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

RELEVANT FACTUAL BACKGROUND ............................................................................ 3

APPLICABLE LOCAL AND PROFESSIONAL RULES ...................................................... 9

ARGUMENT .......................................................................................................................... 11

   I.      APPLICABLE LEGAL STANDARDS ....................................................................... 11

   II.     COUNSEL'S CONDUCT WARRANTS
          DISQUALIFICATION UNDER BOTH
          DISQUALIFICATION STANDARDS ........................................................................ 13

   III.    THE COURT SHOULD ORDER REMEDIAL
          FEES AND SANCTIONS, AND DIRECT THE CLERK
          TO REMOVE FROM THE RECORD PLAINTIFFS'
          IMPROPER FILINGS ................................................................................................. 16

   IV.    *LOCAL ACCESS, LLC V. PEERLESS NETWORK, INC.*
          IS INSTRUCTIVE AND DEMONSTRATES WHY THE
          COURT SHOULD AWARD THE RELIEF REQUESTED ........................................ 18

CONCLUSION ....................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                    **Page(s)**

*Bobbitt v. Broadband Interactive, Inc.*, 8:11-CV-2855-T-24, 2012 WL 2872846
(M.D. Fla. July 12, 2012)..................................................................................................... 12

*In re Evergreen Sec., Ltd.*, 570 F.3d 1257
(11th Cir. 2009)..................................................................................................................... 11

*In re Ocon*, 2009 WL 405370
(11th Cir. Feb. 19, 2009)....................................................................................................... 11

*Local Access, LLC v. Peerless Network, Inc.*, 17-CV-236-ORL, 2019 WL 5196879
(M.D. Fla. June 21, 2019)...................................................................................................... 18

*Local Access, LLC v. Peerless Network, Inc.*, 17-CV-236-ORL, 2020 WL 9454923
(M.D. Fla. June 29, 2020)...................................................................................................... 19

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589
(1978)..................................................................................................................................... 12

*Roland Corp. v. InMusic Brands, Inc.*, No. 17-CV-22405
(S.D. Fla. April 17, 2020) ..................................................................................................... 17

*Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d
(1997).......................................................................................................................... 11, 12, 13

*Sprint Solutions, Inc. v. Fils-Amie*, 83 F.Supp.3d 1290
(S.D. Fla. 2015)...................................................................................................................... 12

*Triton Stone Holdings, L.L.C. v. Magna Bus., L.L.C.*, 308 So. 3d 1002
(Fla. 4th DCA 2020) .............................................................................................................. 14

**Statutes**

11 U.S.C. § 105....................................................................................................................... 12

**Rules**

Federal Rule of Evidence 408................................................................................................. 14

Local Rule 6 ............................................................................................................................. 9

Local Rule 7.7 .................................................................................................................. 10, 15

Local Rule 16 ............................................................................................................. 10, 15

Professional Rule 4-3.3 ................................................................................................ 9, 13

Professional Rule 4-3.4 .............................................................................................. 10, 14

Professional Rule 4-4.1 .............................................................................................. 10, 13

Professional Rule 4-8.4 .............................................................................................. 10, 16

Defendants Nicholas A. Mastroianni II, Harbourside Funding GP, LLC and Harbourside Place, LLC (collectively, the "Defendants"), by and through their undersigned counsel, hereby move pursuant to the inherent authority of this Court to disqualify, reprimand and/or discipline Class Counsel and Plaintiffs' Counsel[1] for their contumacious disregard for the Local Rules of the Southern District of Florida (the "Local Rules") and the Rules Regulating the Florida Bar (the "Professional Rules") by improperly filing on the public docket confidential settlement communications and amounts, and for an Order directing the Clerk to strike from the docket, or place under seal, the filings at ECF nos. 210, 212 & 213.  In support thereof, Defendants rely on the prior pleadings and proceedings, as well as the September 12, 2022 Declaration of Richard G. Haddad (the "Haddad Decl.") and state as follows:

## PRELIMINARY STATEMENT

In a disturbing turn of events, after fabricating an illegitimate dispute concerning the terms of the Parties' settlement agreement, Class Counsel filed a unilateral "Notice of Settlement Status," falsely indicating that Richard G. Haddad (Defense Counsel) signed, and agreed to, a "Memorandum of Understanding" containing the "s/" name of Defense Counsel, and attaching confidential settlement communications, including unredacted settlement terms and amounts, and information derived from the Parties' mediation—in complete disregard for the Local and Professional Rules to which attorneys appearing before this Court *must* adhere, and violating this Court's own admonition against revealing settlement terms.  And, because Defendants negotiated confidentially and *specifically for* confidentiality, this public disclosure was, without question, intended to intimidate, harass and generally cause harm to the Defendants—both in this case and in other pending litigation.

---

[1]  "Class Counsel" refers to Attorney Fazio, while "Plaintiffs' Counsel" refers to Mr. Fazio's co-counsel and local counsel.

When Defense Counsel asked Class Counsel to immediately remove the Notice from the public record, rather than mitigate the harm, Class Counsel responded by placing an expletive-filled telephone call to Attorney Haddad.  Confronted by this behavior—which could only be described as "unhinged"—Defendants had no choice but to file a brief response to Plaintiffs' "Notice of Settlement Status."  Following Defendants' response statement, Class Counsel filed a reply attempting to cover-up his behavior by again changing his position and now arguing that he disclosed the Parties' confidential settlement negotiations to "enforce" the Parties' settlement—when, in reality, the initial Notice said the exact opposite.  And in a final attempt to justify his error, two weeks after the Notice was first filed, Class Counsel filed a Motion to Enforce Settlement (the "Enforcement Motion") [ECF 213] containing more confidential communications. The irony is that the very settlement Class Counsel now seeks to enforce itself required confidentiality and to be filed under seal, such that Plaintiffs have already breached the very agreement they ask this Court to enforce—a breach that precludes enforcement as a matter of law.

The record before this Court thus leads to the conclusion that Class Counsel and Plaintiffs' Counsel violated the Local and Professional Rules by:

- knowingly disobeying their obligations under the applicable rules, including Federal Rule of Evidence 408, which prohibits the admission of settlement negotiations into the record; Local Rule 7.7, which prohibits the parties from furnishing to the Court communications by and among counsel; and Local Rule 16(g)(2), which prohibits the disclosure of any information derived from mediation;

- knowingly engaging in conduct that is prejudicial to the administration of justice by refusing to take any accountability for their actions and refusing to mitigate the harm to the Defendants by withdrawing the confidential settlement communications from the record;

- knowingly making false statements in their filings before this Court and failing to correct those false statements; and

- knowingly making false statements in the Parties' e-mail communications.

If there were a legitimate dispute about settlement terms, Class Counsel had numerous viable alternatives.  Class Counsel could have:

    (a)  asked for help from the Mediator;

    (b)  asked for a settlement conference with the Magistrate Judge;

    (c)  asked for a chambers conference with this Court;

    (d)  offered to file materials under seal, if the Court were inclined to consider any of this; or

    (e)  simply told the Court there was an impasse and asked for a new trial date.

Instead, Class Counsel chose to do the one thing that is not permitted: publicly filing confidential settlement negotiations and unredacted settlement amounts and terms.  Amounts that, not surprisingly, have been reported in the press and disclosed to former Class members who opted out.  This contumacious disregard for the Local and Professional Rules warrants the disqualification of each individual attorney representing the Plaintiffs and the Class; the revocation of the privilege of *pro hac vice* status that has been granted to the attorneys of the DeHeng Law Office, P.C. (the "DeHeng Law Firm"); an order directing the Clerk to remove from the case docket the filings at ECF nos. 210, 212 & 213; and such other sanctions as this Court deems appropriate for the maintenance of the integrity of these proceedings and to serve as a deterrent to others, including the reimbursement of legal fees incurred by Defendants in negotiating and documenting the settlement, and in prosecuting this Motion.

## RELEVANT FACTUAL BACKGROUND



████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███

   ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[2] While Defense Counsel would not ordinarily discuss these matters in pleadings, Class Counsel has left the Defense with no other choice since he has already filed settlement terms, amounts and negotiations, refused to withdraw them, and has moved to "enforce" them.

██████████████████████████████████████████████████████████

████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████

Without waiting to speak with Defense Counsel—and in violation of the Court's

instruction that the Parties not publicly disclose any "settlement details"[4]—Class Counsel

---

[3] The initial draft of the Settlement Agreement provided by Class Counsel did *not* say there would be "joint and several liability."

[4]  At the June 14, 2022 Adjournment Hearing, the Court warned the Parties that the Joint Notice of Settlement Status filed on July 7, 2022 should not disclose "any settlement details," but only set forth "in broad strokes . . . whether a trial w[ould] be on the horizon."  Thereafter, in an e-mail

proceeded to file a unilateral Notice of Settlement Status [ECF 210] (the "Notice"), attaching the Parties' confidential settlement communications, including unredacted settlement terms and amounts, and information derived from the Parties' mediation sessions. [Haddad Decl. ¶ 16]. The Notice also attached as an exhibit the Draft MOU with Defense Counsel's purported "s/" signature, falsely suggesting that the Draft MOU contained the Parties' final agreement and that it was signed and agreed to by Defense Counsel. [*See* ECF 210, Notice of Settlement Statues at 3 ("[O]ne of Defendants' revisions constituted a serious problem, given that it contradicted one of the principal terms in the MOU . . .")].

Immediately upon realizing that Class Counsel had filed confidential settlement negotiations on the public docket, by e-mail at 6:00 p.m. EST, Defense Counsel wrote to Class Counsel and Plaintiffs' Counsel, requesting that they "immediately withdraw the filing, advise the Court that your suggestion that I signed the 'MOU' was false, and ask that the Court remove it from the docket pending further proceedings." [Haddad Decl. ¶ 17]. Class Counsel and Plaintiffs' Counsel both refused to take any responsibility for the filing, writing at 6:20 p.m. EST: "we will consider withdrawing the Notice of Settlement Status as soon as you propose a viable alternative." [Haddad Decl. ¶ 17].

Eight minutes later, without giving Defense Counsel the opportunity to respond to the 6:20 p.m. e-mail, Class Counsel called Attorney Haddad on the telephone and proceeded to engage in an expletive-filled rant, repeating the "f" word somewhere between six (6) to ten (10) times and

---

sent at 5:24 p.m. on June 20, 2022, Class Counsel acknowledged that "Judge Cannon has instructed us not to discuss the terms of the settlement proposals with her (for obvious reasons)." Class Counsel did not heed the Court's or his own warning when on August 24, 2022 he filed confidential settlement negotiations, including settlement amounts, in a pleading seeking "guidance."

other unprofessional statements before saying there is no deal, the case will go to trial, and then abruptly hanging up.[5]   [Haddad Decl. ¶ 18].

The next day, on August 25, 2022, Defendants filed a short statement in response to Plaintiffs' Notice of Settlement Status [ECF 211] (the "Response Statement"), noting the numerous viable alternatives to Plaintiffs' unilaterally filing the Notice.  Later that day, Class Counsel filed a reply statement [ECF 212] (the "Reply"), insisting that Plaintiffs properly filed the Notice with the Parties' confidential settlement communications attached because the settlement communications were introduced for the purpose of "enforcing the settlement agreement."  Prior to the Reply, however, Plaintiffs had made no representations to that effect.



---

[5]  Once the call started, Defense put the call on speaker phone so others could hear Class Counsel's rant.  One witness described Class Counsel as "unhinged."

Rather than take steps to remove the Parties' confidential settlement negotiations from the public docket, or apologize to Defense Counsel, on September 2, 2022 (more than two weeks after filing the Notice), Class Counsel doubled-down on the filing of confidential settlement negotiations with the Enforcement Motion [ECF 213]. In the Enforcement Motion, Class Counsel has completely reversed course—first, he sought "guidance," then he said there was no deal, now he seeks to enforce a deal that was not reached. In an obvious effort to re-write the terms of the Parties' settlement agreement, Class Counsel now claims the Defendants agreed to be jointly and severally liable for settlement payments, when this argument is entirely unsupported by the facts, the negotiations, the documents or by general principles of contract law.

## APPLICABLE LOCAL AND PROFESSIONAL RULES

Local Rule 6(b)(2)(A) makes clear that all attorneys "admitted to practice before this Court, individually or in concert with any other person or persons" are subject to Chapter 4 of the Professional Rules. The preamble to Chapter 4 of the Professional Rules explains that the basic principle underlying the Rules is that attorneys represent their client's interests "while maintaining a professional, courteous, and civil attitude towards all persons involved in the legal system."[6] To this end, Chapter 4 sets forth certain rules that prohibit an attorney from knowingly making false statements of fact or law to the Court, or failing to correct false statements; knowingly disobeying obligations under applicable Court rules; knowingly making misleading statements to others; and engaging in conduct that is prejudicial to the administration of justice. Specifically:

- Rule 4-3.3, Candor Towards the Tribunal, prohibits an attorney from knowingly "mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law" [Rule 4-3.3(a)(1)];

---

[6] Rules of Professional Conduct, Ch. 4. [https://www-media.floridabar.org/uploads/2022/07/Ch-4-2022_02-AUG-RRTFB-8-1-2022.pdf, at 174 of 735.

- Rule 4-3.4, Fairness to Opposing Party and Counsel, prohibits an attorney from "knowingly disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists" [Rule 4-3.4(c)];

- Rule 4-4.1, Truthfulness in Statements to Others, prohibits a lawyer from "mak[ing] a false statement of material fact or law to a third person," which, as explained in the Advisory Comment, may occur "by partially true but misleading statements or omissions that are the equivalent of affirmative false statements"; and

- Rule 4-8.4, Misconduct, prohibits an attorney from engaging "in conduct in connection with the practice of law that is prejudicial to the administration of justice," and also prohibits an attorney from knowingly assisting another in a "violat[ion] or attempt to violate the Rules of Professional Conduct." [Rule 4-8.4(a) and (d)].

In addition, Local Rule 7.7, Correspondence to the Court, prohibits parties from furnishing to the Court copies of correspondence between or among counsel, *except where invited by the Court or where necessary when seeking relief*.  Local Rule 7.7 specifically provides, in pertinent part, as follows:

> Unless invited or directed by the presiding Judge, attorneys and any party represented by an attorney shall not . . . furnish the Court with copies of correspondence between or among counsel, or any party represented by an attorney, except when necessary as an exhibit when seeking relief from the Court. Local Rule 5.1(c) above governs the provision of "courtesy copies" to a Judge.

And Local Rule 16(g)(2) prohibits parties from reporting or otherwise disclosing to the Court any information derived from mediation.  Specifically, Local Rule 16(g)(2) provides the following:

> Restrictions on the Use of Information Derived During the Mediation Conference. All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to

the Court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a written settlement is reached, in which case only the terms of the settlement are binding.

For the reasons more fully set forth below, the actions of Class Counsel and Plaintiff's Counsel are violative of the Local and Professional Rules, and warrant the relief requested herein.

## ARGUMENT

### I.   APPLICABLE LEGAL STANDARDS

In *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553 (1997), the Eleventh Circuit Court of Appeals explained that federal courts have great discretion to disqualify an attorney if the attorney's conduct threatens disruption of the district court; if, however, the attorney's conduct does not threaten disruption of the court, then federal courts may disqualify an attorney for the violation of a specific rule of the Professional Rules:

> The standards governing disqualification of an attorney already admitted to appear before the district court differ, depending on the circumstances. If the conduct at issue threatens disruption of the court proceedings, *see, e.g., Dinitz*, 538 F.2d at 1221 (in-court misconduct) and *Nationalist Movement*, 913 F.2d at 893 (same), or is a deliberate challenge to the authority of the district court, *see, e.g., Kleiner*, 751 F.2d at 1207 (attorney deliberately advising client to disobey the district court's protective order), we give great deference to a trial court's decision to disqualify the responsible attorney. If, however, the conduct at issue does not threaten the orderly administration of justice but is allegedly unethical, we insist that district courts rest their disqualification decisions on the violation of specific Rules of Professional Conduct, not on some "transcendental code of conduct ... that ... exist[s] only in the subjective opinion of the court." *Finkelstein*, 901 F.2d at 1565.

*Id.* at 1561.

Federal courts also possess the inherent authority to impose sanctions against attorneys and their clients. *See, e.g., In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) (affirming sanctions where party "relentlessly" pursued a Recusal motion, even after the evidentiary hearing revealed no factual support for the party's contentions); *In re Ocon*, 2009 WL 405370, at *1 (11th Cir. Feb. 19, 2009) (affirming sanctions due to an attorney's lack of candor to the Court). "This

power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir.2006) (internal citations omitted). "Sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims or defenses." *Sprint Solutions, Inc. v. Fils-Amie*, 83 F.Supp.3d 1290, 1295 (S.D. Fla. 2015).  Federal statute 11 U.S.C. § 105(a) also gives the court the authority to "*sua sponte*, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

Moreover, as the United States Supreme Court has explained, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for an improper purpose." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Thus, federal courts may order the Clerk of the Court to remove documents from the public docket.  *See, e.g., Bobbitt v. Broadband Interactive, Inc.*, 8:11-CV-2855-T-24, 2012 WL 2872846, at *2 (M.D. Fla. July 12, 2012) (directing Clerk to "remove from the docket the e-mails attached to BBI's response that contain their settlement communications and information protected by the parties' confidential stipulation.").

Applying these standards here, the Court should order the disqualification of Class Counsel and Plaintiffs' Counsel under one or both of the standards set forth in *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553 (1997).  The Court should also award Defendants their attorneys' fees and costs incurred in the prosecution of this Motion and working on the settlement negotiations and documentation; assess sanctions to be paid by Class Counsel to the Clerk of Court; and order that the Clerk of Court strike from the docket Plaintiffs' filings at ECF nos. 210, 212 & 213, or, at a minimum, order that the Clerk place these pleadings under seal.

## II. COUNSEL'S CONDUCT WARRANTS DISQUALIFICATION UNDER BOTH DISQUALIFICATION STANDARDS

The record on this Court's docket leads to the conclusion that the actions of Class Counsel and Plaintiffs' Counsel warrant disqualification under both standards set forth in *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553 (1997).

*First*, simply filing the Parties' confidential settlement communications on the public docket is a disruption of the Court's proceedings because this case is a bench trial and the disclosure of settlement communications and settlement amounts to the Court is unduly prejudicial to the Defendants. That is precisely why the Court warned the Parties at the June 14, 2022 Adjournment Hearing that their Joint Notice of Settlement Status filed on July 7, 2022 should not disclose "any settlement details," but only set forth "in broad strokes . . . whether a trial w[ould] be on the horizon." [May 20, 2022 Calendar Call Hearing Tr. at 18:7-24]. This disruption alone warrants disqualification.

*Second*, disqualification is warranted on the basis of Class Counsel's numerous ethical violations and Plaintiffs' Counsel's knowing assistance, and participation, in those violations:

Rule 4-4.1, Truthfulness in Statements to Others, prohibits a lawyer from "mak[ing] a false statement of material fact or law to a third person," which, as explained in the Advisory Comment to the Rule, includes "omissions that are the equivalent of affirmative false statements." ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

Rule 4-3.3, Candor Towards the Tribunal, prohibits an attorney from knowingly "mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact

or law." [Rule 4-3.3(a)(1)].



More concerning, however, is Class Counsel's refusal to correct these statements, even after Defense Counsel brought them to his attention when the Notice was first-filed.

Rule 4-3.4, Fairness to Opposing Party and Counsel, prohibits an attorney from "knowingly disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." [Rule 4-3.4(c)]. Class Counsel violated this Rule because he filed the Notice in violation of the Federal Rules of Evidence and this tribunal's Local Rules, as well as the Court's specific instruction not to put settlement terms in the record. [May 20, 2022 Calendar Call Hearing Tr. at 18:7-24]. Specifically, the Notice violated:

- Federal Rule of Evidence 408, which expressly provides that settlement communications

---

[7] *See, e.g.*, Notice, ECF 210 at 3 ("[O]ne of the Defendants' revisions constituted a serious problem, given that it contradicted one of the principal terms of the MOU . . ."); Enforcement Motion, ECF 213 at (describing "the principal terms of the settlement" as contain in the MOU").

[8] Because Class Counsel indicated that the Draft MOU was subject to further review by his colleagues, it was not a "final, binding agreement." *Triton Stone Holdings, L.L.C. v. Magna Bus., L.L.C.*, 308 So. 3d 1002, 1009 (Fla. 4th DCA 2020), *review denied sub nom.*, 2021 WL 2885851 (Fla. July 9, 2021) ("Plaintiffs themselves did not believe the handwritten document was a final, binding agreement. They acknowledged sending a formal draft of the contract to Triton for further review and approval.").

are *not* admissible.  Class Counsel violated this Rule by placing the Parties' settlement negotiations in the record.

- Local Rule 7.7, which prohibits parties from furnishing to the Court copies of correspondence between or among counsel, ***except where invited by the Court or where necessary when seeking relief***.  Class Counsel violated this Rule because the Parties' settlement negotiations were not invited by the Court.  Nor were they attached to the Notice in connection with a request for relief.  Quite the contrary, in the Notice, Class Counsel stated that the Notice was intended only to "seek any guidance the Court can provide"— which is the *opposite* of a request for relief. [Notice, ECF 210 at 6].  Apparently cognizant of this breach, Class Counsel filed the Reply in an attempt re-write history by arguing that the disclosure of the Parties' settlement negotiations was necessary to enforce the terms of the Draft MOU, followed by the Enforcement Motion two weeks later.  But even in the Enforcement Motion, Class Counsel fails to, and cannot establish, that it was absolutely *necessary* to file the Parties' extensive settlement communications on the public docket, which is what Local Rule 7.7 requires.

- Local Rule 16(g)(2) prohibits parties from disclosing, reporting and generally "ma[king] known to the Court or jury . . . for any purpose" information derived during mediation. Class Counsel violated this Rule because the e-mails attached to the Notice include various references by Class Counsel to conversations had, and information learned, at the Parties' mediation and ongoing settlement discussions.

Worse, by responding to Defense Counsel's request that Plaintiffs remove the Notice and its attachments from the public docket with an expletive-filled telephone call, Class Counsel violated the most basic obligation underlying the Rules of Professional conduct—the obligation to maintain

15

a professional, courteous and civil attitude toward *all persons* involved in the legal system.

Rule 4-8.4, Misconduct, prohibits an attorney from engaging "in conduct in connection with the practice of law that is prejudicial to the administration of justice," and also prohibits an attorney from knowingly assisting another in a "violat[ion] or attempt to violate the Rules of Professional Conduct." [Rule 4-8.4(a) and (d)]. Class Counsel violated this Rule by dishonestly attempting to justify his behavior and attempting to rewrite history—both in his filings with this Court and in the Parties' e-mail communications—and refusing to take any accountability or remediation for his actions. And, Plaintiffs' Counsel violated this Rule by knowingly assisting, and participating in, each of the aforementioned violations by Class Counsel.

Each of these violations, individually and collectively, warrants the disqualification of each individual attorney representing the Plaintiffs and the Class, and the revocation of the privilege of *pro hac vice* status that has been granted to the attorneys of the DeHeng Law Firm.

### III. THE COURT SHOULD ORDER REMEDIAL FEES AND SANCTIONS, AND DIRECT THE CLERK TO REMOVE FROM THE RECORD PLAINTIFFS' IMPROPER FILINGS

Class Counsel's improper filing of the Parties' settlement communications, his refusal to immediately remove the filings from the case docket, and his deceit in attempting to justify filing confidential settlement communications, admittedly caused irreparable harm to the Defendants. In his August 29, 2022 e-mail, Class Counsel acknowledged that "it's too late to 'unring the bell' now," and because that is what Class Counsel intended, together with his numerous acts described above, this conduct is sanctionable pursuant to the Court's inherent authority.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



It is out-right disingenuous for Class Counsel to claim that he was not aware of the impropriety of Plaintiffs' filings until days after the Law 360 Article was published, when (i) Defense Counsel immediately requested that Class Counsel remove the Notice just after it was filed, specifically advising that the Notice contained "confidential settlement communications, including unredacted settlement amounts," and (ii) the Article contains comments *provided by* Class Counsel to Law 360 days earlier.  Accordingly, Defendants request that, pursuant to its inherent authority, the Court order Class Counsel and Plaintiffs' Counsel (who participated actively in Class Counsel's misconduct) to pay Defendants' attorneys' fees and costs associated with the exposition and prosecution of this Motion.  Defendants further request (i) that the Court assess sanctions against Class Counsel to be paid to the Clerk of the Court, and (ii) that the Court order the Clerk to remove from the case docket ECF filing nos. 210, 212 & 213, to prevent any further harm to Defendants.

### IV. *LOCAL ACCESS, LLC V. PEERLESS NETWORK, INC.* IS INSTRUCTIVE AND DEMONSTRATES WHY THE COURT SHOULD AWARD THE RELIEF REQUESTED

*Local Access, LLC v. Peerless Network, Inc.*, 17-CV-236-ORL, 2019 WL 5196879, at *1 (M.D. Fla. June 21, 2019), *report and recommendation adopted*, 17-CV-236-ORL, 2020 WL 9454923 (M.D. Fla. June 29, 2020) is instructive here and demonstrates why the Court should award the relief requested.

In *Local Access*, plaintiffs moved to disqualify and/or discipline defense counsel because defense counsel unintentionally disclosed to defendant's employees documents designated by plaintiffs as "Confidential" and "Highly Confidential," in violation of the Court's Protective Order, and then "took an inordinate amount of time to disclose the violations it discovered . . ." *Id*. at 11.

There, in considering the motion, the magistrate judge recommended that the court award plaintiff remedial sanctions to compensate it for the cost of bringing the motion and the harm caused by the confidentiality breach. However, because defense counsel's initial disclosure was "unintentional," the magistrate judge ultimately did not find a violation of any of the Professional Rules, and therefore, did not recommend the disqualification of counsel. In so finding, however, the magistrate judge emphasized the following:

> I expect any competent lawyer, upon finding that the firm or client had acted inappropriately, would be concerned about possible personal and professional peril . . . What a lawyer cannot do is delay indeterminately or seek to minimize or cover up the wrongdoing in an effort to avoid the sword entirely. The obligation of candor owed to the court, other counsel, and the profession itself is paramount and trumps any business interest in non-disclosure. This is true even if the wrongdoing was unintentional, unanticipated, or harmless. Disclosing an error - fully, freely and in a timely fashion - is a hallmark of integrity, both personal and professional. The Court expects this from lawyers and lawyers should expect this from themselves.

*Id. at 11.*

In adopting the magistrate's report and recommendation, the district court disagreed with

the magistrate's findings with respect to the Professional Rules.  Although the initial disclosure by defense counsel was "unintentional," the district court found that defense counsel nevertheless violated the Professional Rules because its "confession" e-mail was belated and intentionally drafted to cover-up the wrongdoing," an act that, "without question," involved "dishonesty, fraud, deceit, or misrepresentation" "prejudicial to the administration of justice" and violated Professional Rules "4-3.4, 4-4.1, 4-4.4, and 4-8.4."  *Local Access, LLC v. Peerless Network, Inc.*, 17-CV-236-ORL, 2020 WL 9454923, at *10 (M.D. Fla. June 29, 2020).  However, due to the magistrate's long "history with the parties," the district court accorded "great weight" to the magistrate's recommendation that the misconduct was redressable by sanctions, and instead ordered stronger sanctions to serve as a "deterrent toward future bad behavior," rather than merely as an "irritant."  *Id.*  at *11; *see also id.* at *2 ("The undersigned does not share the same history, having been newly assigned the case.").  Specifically, the *Local Access* court:

(1) Awarded plaintiff its reasonable attorneys' fees and costs incurred in connection with the motion to disqualify/discipline defense counsel;

(2) Ordered that defense counsel pay a total of $30,000 to the Clerk of the Court; and

(3) Ordered that a copy of its Order be provided to all the relevant professional authorities—there, the Northern District of Illinois, the Attorney Registration and Disciplinary Commission of Illinois and the Board on Professional Responsibility for the District of Columba—because defense counsel was appearing in the case *pro hac vice*.

*Id.* at *11-12.

Here, as in *Local Access*, the Court should award Defendants their attorneys' fees incurred in prosecuting this Motion and working on the settlement documentation; and, should the Court deem it advisable for the administration of justice, order that sanctions be paid to the Clerk of Court to deter against future bad behavior, and order that the misconduct by Class Counsel be reported to all the relevant professional authorities.  Unlike in *Local Access*, however, the Court

should also grant disqualification because Class Counsel has repeatedly and intentionally violated the Professional and Local Rules; refused to admit to any wrongdoing; filed subsequent papers attempting to "cover-up" and justify his misconduct; and, remarkably, even subjected Defense Counsel to expletive-filled rants.  Moreover, here, the Court has a long history with the Parties, in which Class Counsel has demonstrated a pattern for, among other things, filing claims without any basis in law or fact;[9] disregarding Court deadlines;[10] and falsely accusing Defense Counsel of improper communications with Class Members,[11] while co-counsel at the DeHeng Law Firm and local counsel have demonstrated a willingness to permit and/or turn a blind eye to this behavior—including the filing by local counsel of the confidential settlement communications.

### CONCLUSION

For all the reasons set forth above, Defendants request that the Court enter an Order:

A.      Revoking the *pro hac vice* status of Jeffrey L. Fazio, Andre Y. Bates and Yi Yao;

B.      Disqualifying DeHeng Law Offices, P.C. and its attorneys;

C.      Disqualifying Matthew Fornaro, P.A. and its attorneys;

D.      Awarding Defendants attorneys' fees and costs incurred in exposing and prosecuting Class Counsel's and Plaintiffs' Counsel's violations of the Professional and Local Rules;

E.      Assessing sanctions against Class Counsel; and

F.      Directing the Clerk to strike from the record ECF filing nos. 210, 212 & 213.

---

[9]  On July 9, 2021, this Court ordered Plaintiffs to pay Defendants $47,755.80 pursuant to Fla. Stat. § 772.11(1), which entitles defendants to recover reasonable attorneys' fees and costs upon a finding that a claimant raised a civil theft claim without substantial factual or legal support.  [ECF 116].

[10]  *See* May 20, 2022 Calendar Call Hearing Tr. at 18:7-24 (Class Counsel did not "know" why Plaintiffs failed to file proposed findings of fact and conclusions of law three months *after* the Court deadline, even though Defense Counsel notified him of the deadline before it came due).

[11]  *See* ECF 183, Order Denying Plaintiffs' Motion to Preclude Defendants From Engaging in Ex Parte Communications with Class Members at 2 ("Plaintiffs do not provide any developed allegations of actual or threatened abuse regarding Defendants' communications with class members, let alone any evidence of such conduct . . .").

## COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that on September 12, 2022

Defense Counsel reached out to Class Counsel and Plaintiffs' Counsel by e-mail in a good faith

effort to resolve the issues raised in the Motion.  The Parties were unable to resolve such issues

without court intervention.

Dated: September 12, 2022

Respectfully submitted,

**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL  33401
Tel.: (561) 653-5000 / Fax: (561) 659-6313
By: */s/ Eleni Kastrenakes Howard*
David P. Ackerman (FBN 374350)
Primary E-mail: david.ackerman@akerman.com
claudia.rodriguez@akerman.com
Eleni Kastrenakes Howard (FBN 0073073)
eleni.howard@akerman.com
luke.bovat@akerman.com

Richard G. Haddad (*Admitted Pro Hac Vice*)
rhaddad@otterbourg.com
Gabriela S. Leon (*Admitted Pro Hac Vice*)
gleon@otterbourg.com
**OTTERBOURG P.C.**
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100/ Fax: (212) 682-6104

*Counsel for Defendants*