UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80102-CANNON/REINHART

TING PENG and LIN FU, on behalf of
themselves individually and all others similarly
situated, and derivatively on behalf of
HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

    Plaintiffs,

vs.

NICHOLAS A. MASTROIANNI II;
HARBOURSIDE FUNDING GP, LLC, a
Florida limited liability company; and
HARBOURSIDE PLACE, LLC, a Delaware
limited liability company,

    Defendants,

and

HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

    Nominal Defendant.

## DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

Defendants Nicholas A. Mastroianni II ("Mr. Mastroianni"), Harbourside Funding GP, LLC (the "General Partner") and Harbourside Place, LLC ("Harbourside Place") (the "Defendants"), as directed in the Court's September 14, 2022 Order [ECF 222], respectfully request an award of $85,880 in reasonably incurred attorneys' fees and costs associated with Defendants' Motion to Disqualify/Discipline Counsel [ECF 217] (the "Discipline Motion"), and in support thereof state as follows:

**PRELIMINARY STATEMENT**

In the face of what Plaintiffs assert was a disagreement on the terms of the settlement announced on July 11, 2022, Plaintiffs had a number of options to try to resolve the "dispute." Perhaps the best option would have been to ask the Mediator for assistance—but Defendants suspect the reason for Class Counsel not choosing to involve the Mediator on this is obvious. Instead of seeking assistance from the Mediator, or even the Magistrate Judge, Class Counsel blatantly filed (without authorization and without seeking to file the materials under seal or even properly redacted) confidential settlement negotiations, including communications, terms and amounts. Thus, despite knowing that the Court did not want to hear about settlement negotiations,[1] Class Counsel went ahead and filed them anyway. Then, rather than try to mitigate the damage by removing the offending material, or even trying to resolve the self-created "dispute," Plaintiffs doubled-down and improperly filed more confidential materials by an after-the-fact motion to enforce a non-existent deal, supported by documents bearing the "s/" name of Defense Counsel, falsely suggesting an agreement.

As a result of Plaintiffs' improper and unauthorized filings, Defendants had to respond to Plaintiffs' August 24, 2022 "Notice" [Former ECF 210], address Plaintiffs' Reply [Former ECF 212], file the Discipline Motion that resulted in the sanctions order [ECF 217], and respond to Plaintiffs' Motion to "Enforce" Settlement (the "Enforcement Motion") [Former ECF 213]. Because confidential materials were also included in the Enforcement Motion and because the Court set September 12, 2022 as the date for Defendants to respond to the Enforcement Motion, Defendants filed their pleadings associated with Plaintiffs' misconduct on September 12, 2022— the Discipline Motion and the other papers associated with Plaintiffs' unauthorized filings,

---

[1] *See, e.g.*, ECF 168, May 20, 2022 Hearing Tr. at 18:7-24]; Discipline Motion at 6-7 n. 4.

specifically, a single Declaration addressing the Discipline and Enforcement Motions [ECF 218], a brief in opposition to the Enforcement Motion [ECF 216], and a Motion for Leave to File Under Seal. [ECF 215].  Notably, Plaintiffs devoted a substantial portion of their Enforcement Motion to arguments attempting to justify their blatant and unauthorized filings, thereby showing the interrelatedness of all of the pleadings and the association of each to the Discipline Motion.  And, this Court's striking from the record of each of ECF Nos. 210, 212 and 213 demonstrates the breadth of Plaintiffs' improprieties and the relatedness of each.

The evidence submitted on this Application includes declarations from Defendants' lead and Florida counsel, supported by detailed contemporaneous time records.  Because none—not five minutes—of the work for which reimbursement is sought would have been necessary *but for* Plaintiffs' improper filings, reimbursement of the full amount sought is appropriate and fair.

## RELEVANT PROCEDURAL BACKGROUND

1. On July 12, 2022, the Parties appeared before the Court and stated on the record, consistent with the Joint Notice of Settlement filed the night before [ECF 207], that they had reached a settlement.  That same day, the Court ordered the Parties to finalize their settlement agreement and file a motion for preliminary approval of the settlement by August 26, 2022 (the "Deadline").

2. Plaintiffs did not provide the Defendants with a draft settlement agreement until August 1, 2022, and that draft was obviously cobbled together from other class action settlements as it contained many provisions that were wrong or had no bearing on the facts or settlement of this case. Nonetheless, Defendants spent the next 24 days working towards a settlement, including preparing a Joint Motion to Seal, and exchanging drafts of the agreement, Notice, Order and Judgment.

3.	Then, days before the Deadline, on August 24, 2022, Plaintiffs filed a unilateral Notice of Status of Settlement (the "Notice") [Former ECF 210] raising a "dispute" as to one of the terms of the settlement, and attaching the Parties' confidential settlement negotiations, including unredacted settlement amounts and terms. Defendants immediately requested that Plaintiffs remove the Notice from the docket, but Plaintiffs refused.

4.	On August 25, 2022, Defendants filed a brief response to the Notice (the "Response") [ECF 211], exposing Plaintiffs' improper filing of confidential settlement communications, without attaching any of the Parties' settlement communications. That same day, Plaintiffs filed a reply to Defendants' response (the "Reply") [ECF 212], again, filing on the public docket confidential settlement communications.

5.	On August 29, 2022, in an e-mail to Defense Counsel, Plaintiffs' Counsel, Attorney Fazio, acknowledged having publicly filed confidential settlement terms. Rather than take steps to remedy this error however, Attorney Fazio proceeded to file, on September 2, 2022, the Enforcement Motion [ECF 213], once again filing on the case docket confidential settlement communications, including drafts of the Parties' settlement agreement. Notably, a significant amount of the Enforcement Motion was devoted to trying to explain away Plaintiffs' improper and unauthorized filings.

6.	By Order dated September 7, 2022, the Court directed Defendants to file a response to the Enforcement Motion by September 12, 2022. [ECF 214].

7.	On September 12, 2022, to address Plaintiffs' repeated disclosure of confidential settlement communications, Defendants filed (i) a response in opposition to Plaintiffs' Enforcement Motion (the "Opposition") [ECF 216], (ii) the Discipline Motion [ECF 217], and (iii)

the Declaration of Richard G. Haddad in Support of the Opposition and Discipline Motion (the "Disq. Decl.") [ECF 218].[2]

8. On September 14, 2022, the Court entered a Paperless Order [ECF 222] granting in part and denying in part Defendants' Discipline Motion. The Court specifically granted the Discipline Motion "as to an award of monetary sanctions" to "admonish Plaintiffs' counsel for his blatant and unauthorized filing of confidential settlement negotiations," and ordered that Defendants file a request for "attorneys' fees and costs associated with Defendants' filing of 217" by September 21, 2022.

## APPLICATION

### I. LEGAL STANDARD

Defendants hereby apply to the Court for an award of $85,880 in attorneys' fees and costs reasonably incurred by Defendants that are associated with the Discipline Motion, and the improper and stricken filings. Defendants' declarations establish "entitlement and document[] the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Defendants meet their burden on this Application because they are supplying the Court with specific and detailed records from which the Court can determine the reasonable hourly rate, and the records show Defendants' time expenditures on the different issues and identify with sufficient particularity the general subject matter of the time expenditures so the Court can assess the time claimed. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

---

[2] Defendants filed the Opposition, Discipline Motion and Haddad Decl. in redacted form and delivered to chambers unredacted copies of the filings, and contemporaneously filed a Motion for Leave to File Under Seal the unredacted copies. *See* ECF 215.

## II.     DEFENDANTS' SUPPORTING DOCUMENTATION

From Plaintiffs' filing of the Notice on August 24, 2022 to Defendants' filing of the Opposition and Discipline Motion on September 12, 2022, Defendants relied on the services of Otterbourg, P.C. ("Otterbourg") and Akerman LLP ("Akerman") to address the misconduct prosecuted in the Discipline Motion, and the stricken pleadings found at former ECF nos. 210, 212 and 213. The work performed by Otterbourg and Akerman in support of the Discipline Motion for which Defendants seek an award of attorneys' fees and costs is summarized in the table below.

| ATTORNEYS' FEES & COSTS | |
|---|---|
| Otterbourg, P.C. | $81,067.50 |
| Akerman, LLP | $4,812.50 |
| **TOTAL** | $85,880.00 |

In support of Defendants' Application, Defendants submit herewith and rely upon the Declarations of Richard G. Haddad ("Haddad Decl.") and Eleni Kastrenakes Howard ("Howard Decl."). Attorney Haddad served as lead counsel for Defendants at Otterbourg, while Attorney Howard served as Defendants' Florida counsel at Akerman. The Haddad and Howard declarations attest to their firms' work addressing Plaintiffs' misconduct, the reasonableness of the work done and the time spent on tasks associated with the Discipline Motion, as well as the reasonableness of the rates charged—Otterbourg, for example, has an agreement with Defendants to charge Defendants at 10% less than the rates it charges other clients for matters throughout the country. Copies of the billing statements for the period during which Defendants dealt with the conduct set forth in the Discipline Motion are attached as exhibits to the Haddad and Howard Declarations.

The attorneys' fees and expenses sought in this Application relate to Plaintiffs' repeated filing of confidential settlement communications on the case docket and Defendants' work addressing that conduct by preparing and filing: (i) the Response exposing Plaintiffs' initial breach of confidentiality; (ii) the Opposition establishing the facts and addressing Plaintiffs' attempt to

justify the repeated disclosure of confidential settlement communications; (iii) the Discipline Motion seeking relief from the Court for Plaintiffs' misconduct in attaching to, and discussing in, the Notice, Reply and Enforcement Motion confidential settlement communications; and (iv) the Motion for Leave to file Defendants' redacted pleadings under seal, so as to preserve confidentiality, while at the same time, responding to Plaintiffs' Enforcement Motion.

The work performed on the Response and Opposition was directly and logically associated with Defendants' filing of the Discipline Motion because those filings were necessary to expose Plaintiffs' misconduct and correct the record, and to introduce the facts underlying the Discipline Motion. Indeed, Plaintiffs devoted multiple pages of their Enforcement Motion to an attempt to justify their misconduct, to which Defendants responded in the Opposition. *See* Opposition at 4-9, 18-19; *see also* Discipline Motion at 5 (referencing and relying upon the arguments "more fully set forth in Defendants' Response to Plaintiffs' Motion to Enforce").

Defendants respectfully submit that the Haddad and Howard declarations, and the exhibits attached thereto, are sufficiently detailed and specific to establish the amount and the reasonableness of the attorneys' fees and expenses incurred by Defendants in addressing Plaintiffs' misconduct. Moreover, here, the Application should be granted because the Court has already found that the hourly rates charged are reasonable.[3]

---

[3] *See* ECF 116, July 8, 2021 Order Granting in Part Defendants' Motion for Attorneys' Fees and ordering Plaintiffs to pay Defendants $47,755.80 pursuant to Fla. Stat. § 772.11(1).

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court award Defendants the sum of $85,880 in recoverable attorneys' fees associated with the filing of the Discipline Motion.

Dated: September 21, 2022

**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel.: (561) 653-5000 / Fax: (561) 659-6313
By: */s/ Eleni Kastrenakes Howard*
David P. Ackerman (FBN 374350)
Primary E-mail: david.ackerman@akerman.com
claudia.rodriguez@akerman.com
Eleni Kastrenakes Howard (FBN 0073073)
eleni.howard@akerman.com
luke.bovat@akerman.com

Richard G. Haddad (*Admitted Pro Hac Vice*)
rhaddad@otterbourg.com
Gabriela S. Leon (*Admitted Pro Hac Vice*)
gleon@otterbourg.com
**OTTERBOURG P.C.**
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100/ Fax: (212) 682-6104

*Counsel for Defendants*
