UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-80102-CIV-Cannon/Reinhart

TING PENG, et al.,

                  Plaintiffs,

vs.

NICHOLAS A. MASTROIANNI, II, et al.,

                  Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES (ECF No. 226)

Currently before me is Defendants' motion seeking recovery of their attorneys' fees in accordance with Judge Cannon's paperless order dated September 14, 2022, which directed "Plaintiffs to pay Defendants' attorneys' fees and costs associated with Defendants' filing of 217." ECF No. 222. The filing referenced in Judge Cannon's order was Defendants' Motion to Disqualify and/or Discipline Counsel for Litigation Misconduct. ECF No. 217. Defendants' motion to disqualify stemmed from Plaintiffs' counsel "improperly filing on the public docket confidential settlement communications and amounts." ECF No. 217 at 5. Judge Cannon denied Defendants' request to disqualify Plaintiffs' counsel, but granted the request for sanctions, "find[ing] it appropriate to admonish Plaintiffs' counsel for his blatant and unauthorized filing of confidential settlement negotiations." ECF No. 222.[1]

_____

[1] Notably, Judge Cannon's order admonishes Plaintiffs' counsel for the unauthorized filing, but then orders Plaintiffs to pay Defendants' fees and costs. Since it is unclear

Defendants filed their motion seeking $85,880 in attorneys' fees, and Judge Cannon referred the motion to me to assess the reasonableness of the amounts sought. ECF No. 229. I have reviewed the motion and accompanying declarations (ECF No. 226-228), Plaintiffs' response (ECF No. 230), and Defendants' reply (ECF No. 231). For the reasons stated below, I **RECOMMEND** that Defendants' motion be **GRANTED IN PART AND DENIED IN PART.**

## DISCUSSION

In their motion, Defendants attempt to expand the scope of Judge Cannon's order awarding fees, contending that a variety of work counsel performed beyond their motion to disqualify should be included in the fee award. Defendants base their request on a purported "interrelatedness" between the disqualification motion and assorted other work performed by counsel. ECF No. 226 at 3. While I appreciate that Plaintiffs' counsel's inadvisable litigation tactics may have resulted in Defendants incurring increased costs, I decline to expand Judge Cannon's ruling beyond what it specifically orders, which is for "Plaintiffs to pay Defendants' attorneys' fees and costs associated with Defendants' filing of 217." ECF No. 222.[2]

---

whether Plaintiffs or their counsel or both are to be responsible for paying the award, I will limit my recommendation to the amount of fees to be awarded.

[2] I note that in her paperless order, Judge Cannon also denied Plaintiffs' motion to enforce an alleged settlement agreement. ECF No. 222. Had Judge Cannon intended to award Defendants' fees for having to respond to that motion, she would have included that in her order; she did not.

Defendants are represented by two law firms in this matter and both have submitted billing records in connection with Judge Cannon's award of fees. Otterbourg, P.C., a New York City firm that is appearing pro hac vice for Defendants seeks to recover $81,067.50, and Defendants' local attorneys, Akerman LLP, seek reimbursement of $4,812.50. ECF No. 226 at 6.

In July 2021, Judge Cannon previously awarded Defendants their attorneys' fees in this action.[3] In that order, Judge Cannon allowed hourly rates of $985.50 for Richard Haddad, a partner at Otterbourg with 34 years of experience, and $355.50 for Gabriela Leon, an associate with two years of experience. ECF No. 116. In the current motion, Mr. Haddad states that his current hourly rate is $1035, and Ms. Leon's rate is $382.50. ECF No. 227. Given Judge Cannon's prior approval of their rates in 2021, I will award their slightly increased rates for 2022.

I have reviewed the billing records submitted and after deducting the time that is not directly related to the preparation and filing of Defendants' disqualification motion, I find that Defendants are entitled to reimbursement of 16.7 hours of time spent by Mr. Haddad ($17,284.50) and 35.5 hours of time spent by Ms. Leon ($13,578.75) for a total of $30,863.25.[4] The hours awarded are as follows:

---

[3] That award was pursuant to Fla. Stat. § 772.11, which imposes fee-shifting for meritless civil theft claims. ECF No. 116.

[4] I decline to include the 7.7 hours spent by Akerman LLP. Having reviewed the firm's invoices (ECF No. 228), I find that the contributions of local counsel were largely redundant and that the billing entries do not specify the time spent on the disqualification motion as opposed to other tasks.

|         | Richard Haddad | Gabriela Leon |
|---------|----------------|---------------|
| 8/29/22 | ---            | 5.2           |
| 8/30/22 | 0.8            | 9.1           |
| 8/31/22 | 1.6            | 5.6           |
| 9/1/22  | 1.6            | 1.8           |
| 9/2/22  | 1.8            | 3.7           |
| 9/6/22  | 2.5            | 1.4           |
| 9/9/22  | 2.8            | 3.9           |
| 9/11/22 | 2.2            | 1.3           |
| 9/12/22 | 3.4            | 3.5           |

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendants' Motion for Attorneys' Fees and Costs (ECF No. 226) and order Plaintiffs to reimburse Defendants in the amount of $30,863.25.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

---

In addition, I deducted Ms. Leon's entry on September 9, 2022 for 2.7 hours because it lists a variety of tasks and does not specify the amount of time attributed to the disqualification motion.

**DONE AND SUBMITTED** in Chambers this 30th day of December, 2022 at

West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge