UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-80102-CIV-CANNON/Reinhart

**TING PENG** and **LIN FU**, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

**NICHOLAS A. MASTROIANNI II, et al.**,

    Defendants,
_____/

**NICHOLAS A. MASTROIANNI II, et al.**,

    Counter Plaintiffs,

v.

**TING PENG** and **LIN FU**,

    Counter Defendants,
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** comes before the Court upon Plaintiffs' Unopposed Renewed Motion to Preliminarily Approve Class Settlement [ECF No. 258]. The Court denied the initial Motion without prejudice and instructed the parties to amend some of the procedural aspects of the Settlement Agreement [ECF No. 257]. The parties have made the requested changes and filed the instant Motion [ECF No. 258]. The Court has reviewed the unredacted version of the Motion [ECF No. 259], the unredacted version of the Settlement Agreement [ECF No. 259-2], and the entire record. Upon review and consideration of the Motion, the Settlement Agreement, the evidence presented, and the arguments made by counsel during the hearing on the initial Motion [ECF No. 256], it is hereby

CASE NO. 20-80102-CIV-CANNON/Reinhart

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Settlement [ECF No. 258] is **GRANTED**.

2. Based on the Settlement Agreement and the files, records, and proceedings in this Action, the Court preliminarily finds that the proposed Settlement Agreement [ECF No. 259-2] is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members and of the Funding Partnership in light of the following:

    a. The benefits that the Settlement Agreement confers on Class Members and the Funding Partnership are substantial, and have no preclusive effect on valid claims or causes of action of members of the Funding Partnership who are not Settlement Class Members;

    b. The relative strength and weaknesses of the claims and defenses thereto;

    c. The anticipated complexity, duration, and expense of continuing this Lawsuit;

    d. The risk and delay inherent in potential appeals; and

    e. The opinion of Class Counsel, who is experienced in class actions.

3. The Parties and Settlement Class Members shall maintain the confidentiality of the economic terms of the Settlement Agreement and shall request that all Court filings disclosing the amount of the Settlement Payments shall be filed under seal **until such time as the State Court Action is resolved, whether by settlement or final judgment**.[1] In addition, the proposed Notice of Proposed Settlement [ECF No. 259-2

---

[1] Under the unique circumstances presented, the Court previously found good cause to seal certain limited portions of the parties' Settlement Agreement, because it contains the amount of the settlement payment and other economic terms that members of Nominal Defendant Harbourside Funding, LP who opted out of the certified Class in this action might seek to use to Defendants' detriment in a currently pending state suit [ECF No. 242 (Order Granting Motion to Seal)]. **The**

pp. 61–69] shall explain to the Settlement Class Members the obligation to maintain the confidentiality of economic terms of the Settlement Agreement in accordance with the terms of the Settlement Agreement. Accordingly, members of the Funding Partnership shall receive notice of the Settlement Agreement pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, but the economic terms of the accompanying Settlement Agreement shall be redacted therefrom. Notwithstanding the foregoing, the Parties and Settlement Class Members are free to disclose the existence and contents of the Settlement Agreement to family members, state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers or attorneys, or to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the Settlement Agreement.

4. The Court hereby appoints Settlement Services, Inc. ("SSI") as Notice Administrator.

5. The form, content, and procedures of notice to Settlement Class Members and to members of the Funding Partnership, as set forth in the Settlement Agreement and in the proposed Notice of Settlement ("Notice"), which have been filed with the Court in support of the present Motion, are approved in accordance with this Order.

6. The Court finds that the Notice Program set forth in the Settlement Agreement as it relates to distributing by first-class U.S. Mail and by email the Notice of Proposed Settlement directly to Settlement Class Members and members of the Funding Partnership (or to counsel of record for members of the Funding Partnership who have

---

**parties are reminded of the sunset period in the Court's Order Granting Motion to Seal and of the requirement to file status reports on the State Court Action every 60 days from January 7, 2023.**

agreed to accept service on behalf of Funding Partnership members) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(e)(1) and 23.1(c) of the Federal Rules of Civil Procedure.

7. The Notice Administrator shall distribute the Notice of Proposed Settlement by both (1) first-class mail to the mailing addresses of Settlement Class members and (2) by email to Settlement Class members.  If the U.S. Postal Service returns the Notice of Proposed Settlement as undeliverable, the Notice Administrator shall mail the Notice of Proposed Settlement to the forwarding address, if any, provided by the U.S. Postal Service within 7 days of receiving the U.S. Postal Service return.  If the returned mail does not reflect a forwarding address, the Notice Administrator shall not be obligated to re-mail the Notice of Proposed Settlement, but shall provide the names and addresses of the affected Settlement Class Members to Class Counsel and to Counsel for the Defendants.

8. Anyone who objects to the Settlement, or any aspect of it, must submit a written objection to the Notice Administrator and postmarked no later than **April 24, 2023**, which includes the following information:

    a. the case name and number of this Lawsuit;

    b. the objector's full name, current residential address, mailing address (if different from residential address), telephone number, and e-mail address;

    c. an explanation of the factual basis upon which the objector claims to be a Settlement Class Member or member of the Funding Partnership;

    d. an explanation of the objection, including the legal and factual bases and copies of any documents supporting the objection;

    e. the name and address of each lawyer (if any) who is representing the objecting Settlement Class Member, or who may seek or claim entitlement to compensation for any reason in connection with the objection;

    f. the number of times the objector and the objector's counsel (if any) has objected to a class action settlement within the five years preceding the date that the objector files the objection; and the name and case number of each case in which the objector and/or the objector's attorney has made such objection. If the objector or the objector's counsel has not made any prior objection in the past five years, the objector or, if represented, the objector's counsel shall affirmatively so state in the written materials provided with the objection;

    g. a statement as to whether the objector intends to appear at the Final Approval Hearing either individually or through counsel;

    h. the full name, telephone number and address of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement;

    i. the identity of all counsel (if any) who will appear on behalf of the objector at the Fairness Hearing;

    j. a list of all persons who will or may offer testimony in support of the objection; and

    k. the objector's signature and date of signature.

9. Any objection that is not timely submitted to the Notice Administrator will not be considered by the Court, absent a showing of good cause as determined by the Court.

If the Court determines that good cause exists to allow an untimely objection, the Parties shall have an opportunity to respond to the objection.

10. **On or before May 26, 2023**, the Notice Administrator shall provide the Court with all objections it receives.

11. The Court will conduct a Fairness Hearing on a Motion for Final Approval on **June 30, 2023, at 10:00 A.M.** At the Fairness Hearing, the Court will rule on the following issues:

    a. whether the proposed Settlement should be approved as fair, reasonable, and adequate;

    b. whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement;

    c. whether this Lawsuit should be dismissed with prejudice in accordance with the terms set forth in the Settlement Agreement;

    d. whether the Court should grant Plaintiffs' motion for an award of attorneys' fees and litigation expenses;

    e. whether a Final Order and Judgment should be entered in this Lawsuit; and

    f. any other issues the Court deems appropriate.

12. Settlement Class Members and members of the Funding Partnership need not appear at the Fairness Hearing nor need they take any other action to indicate their approval of the proposed Settlement.

13. Any Settlement Class Member or member of the Funding Partnership who is represented by counsel and intends to appear at the Fairness Hearing must file a Notice of Appearance with the Court and provide notice of the intention to appear to Class

Counsel and Counsel for the Defendants. Settlement Class Members and members of the Funding Partnership who appear on a *pro se* basis need not file a Notice of Appearance.

14. Objectors shall not be permitted to raise matters at the Fairness Hearing that the objector could have raised in his or her written objection, but did not.

15. Any documents filed with the Court must also be timely provided to Class Counsel and Counsel for the Defendants.

16. If the Court does not grant the Motion for Final Approval of the Settlement, or if the Settlement Agreement is terminated, the Settlement and all proceedings related to it shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties upon approval by the Court. In either event, the Settlement and all negotiations concerning it shall not be used or referred to in this Lawsuit for any purpose.

17. If the Court does not grant the Motion for Final Approval, nothing in this Order shall be construed as

    a. an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability;

    b. a finding that any claim or counterclaim lacks merit;

    c. an indication that the relief requested in this Lawsuit is inappropriate, improper, or unavailable; or

    d. a waiver by any Party of any claims or defenses he, she or it might have.

18. Except as expressly authorized by this Order or by the Settlement Agreement, the Parties shall not issue, or otherwise cause to be issued, any press release, advertisement,

Internet posting or similar document concerning the Lawsuit or the facts and circumstances that were the subject of or disclosed in the Lawsuit, except documents disbursed as part of the Notice, nor shall the Parties make extrajudicial statements or seek media interviews concerning those matters. For purposes of this Paragraph, "Parties" refers to Plaintiffs and Class Representatives Ting Peng and Lin Fu, and Defendants Nicholas Mastroianni, Harbourside Place, LLC, and Harbourside Funding, GP, LLC.

19. Nothing in this Order shall be construed to suggest that Class Counsel is in any way limited or inhibited from discussing the issues related to this Lawsuit with Settlement Class Members in a manner that comports with the rules of the Florida Bar.

20. The Court hereby adopts the following schedule in connection with further proceedings related to the Settlement of this Lawsuit, and any change to the date or time of the Fairness Hearing shall be published on a website containing all information, documents, and Orders of the Court that are germane to the Settlement of this Action:

| Event | Deadline |
| --- | --- |
| Notice of Proposed Settlement Distributed to Settlement Class Members | **March 7, 2023** |
| Defendants to Complete Distribution of Class Action Fairness Act Notice | **March 10, 2023** |
| Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses to be filed with the Court | **March 14, 2023** |
| Deadline for Notice Administrator to Submit All Objections by Settlement Class Members to Clerk of the Court | **May 26, 2023** |
| Parties' Motion for Final Approval of Class Settlement to be filed with the Court | **May 26, 2023** |
| Fairness Hearing | **June 30, 2023** |

CASE NO. 20-80102-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of February 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record