UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80102-CANNON/Reinhart

TING PENG and LIN FU, on behalf of
themselves individually and all others similarly
situated, and derivatively on behalf of
HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Plaintiffs,

vs.

NICHOLAS A. MASTROIANNI II;
HARBOURSIDE FUNDING GP, LLC, a
Florida limited liability company; and
HARBOURSIDE PLACE, LLC, a Delaware
limited liability company,

      Defendants,

and

HARBOURSIDE FUNDING, LP, a Florida
limited partnership,

      Nominal Defendant.

**PLAINTIFFS' UNOPPOSED MOTION**
**FOR FINAL APPROVAL OF SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...................................... 1

II.  ARGUMENT .............................................................................................. 2

    A.   THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL ................................... 2

        1.   The Proposed Settlement Provides Substantial Benefits to
Each Settlement Class Member as a Result of Good-Faith,
Arm's-Length Negotiations by Experienced Class Counsel ...................... 5

        2.   The Named Plaintiffs and Class Counsel Have Adequately Represented
the Settlement Class ......................................................................... 6

        3.   All Other Rule 23(e)(2)(C) Factors Support Final Approval
of the Settlement ............................................................................. 7

        4.   The Notice of Proposed Settlement Complies with Due Process
Requirements and Federal Rules of Civil Procedure 23 and 23.1 .............. 7

        5.   Final Approval is Also Supported by the Other Factors Considered
by the Eleventh Circuit .................................................................... 9

III.  CONCLUSION .......................................................................................... 10

**TABLE OF AUTHORITIES**

<span style="font-variant:small-caps">Cases</span>

*Behrens v. Wometco Enters., Inc.*,
    118 F.R.D. 534 (S.D. Fla. 1988) ................................................................. 4

*Bennett v. Behring Corp.*,
    737 F.2d 982 (11th Cir. 1984) ............................................................... 3, 9

*Cannon v. Texas Gulf Sulphur Co.*,
    55 F.R.D. 308 (S.D.N.Y. 1972) ................................................................. 8

*Carter v. Forjas Taurus, S.A.*,
    701 F. App'x 759 (11th Cir. 2017) ............................................................. 7

*Desue v. 20/20 Eye Care Network, Inc.*,
    No. 21-CIV-61275-RAR, 2022 WL 17477004 (S.D. Fla. Dec. 5, 2022) ........... 5

*Florida Educ. Ass'n v. Dep't of Educ.*,
    447 F. Supp. 3d 1269 (N.D. Fla. 2020) ..................................................... 5

*Gevaerts v. TD Bank*,
    No. 1:14-CV-20744-RLR, 2015 WL 6751061 (S.D. Fla. Nov. 5, 2015) ........... 4

*Greco v. Ginn Dev. Co., LLC*,
    635 F. App'x 628 (11th Cir. 2015) ............................................................. 5

*In re Checking Account Overdraft Litig.*,
    275 F.R.D. 654 (S.D. Fla. 2011) ............................................................... 8

*In re Checking Account Overdraft Litig.*,
    830 F. Supp. 2d 1330 (S.D. Fla. 2011) ................................................. 4, 5, 8

*In re Domestic Air Transport. Antitrust Litig.*,
    148 F.R.D. 297 (N.D. Ga. 1993) ............................................................... 3

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
    No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020),
    *aff'd in part, rev'd in part on other grounds and remanded*,
    999 F.3d 1247 (11th Cir. 2021) ............................................................... 6

*In re Newbridge Networks Sec. Litig.*,
    No. 94-cv-1678, 1998 WL 765724 (D.D.C. 1998) ..................................... 4

*In re Sunbeam Sec. Litig.*,
   176 F. Supp. 2d 1323 (S.D. Fla. 2001)................................................................ 3

*In re Takata Airbag Prod. Liab. Litig.*,
   No. 14-24009-CV, 2017 WL 11680208 (S.D. Fla. Sept. 19, 2017).................... 5

*In re U.S. Oil & Gas Litig.*,
   967 F.2d 489 (11th Cir. 1992)............................................................................. 2

*In re United States Sugar Corp. Litig.*,
   No. 08-80101-CIV, 2011 WL 13173854 (S.D. Fla. Jan. 24, 2011) .................... 5

*Kirkpatrick v. J.C. Bradford Co.*,
   827 F.2d 718 (11th Cir. 1987)............................................................................. 6

*Leverso v. SouthTrust Bank of AL., N.A.*,
   18 F.3d 1527 (11th Cir. 1994)............................................................................. 3

*Lipuma v. Am. Express Co.*,
   406 F. Supp. 2d 1298 (S.D. Fla. 2005)................................................................ 3

*Mahoney v. TT of Pine Ridge, Inc.*,
   No. 17-80029-CIV, 2017 WL 9472860 (S.D. Fla. Nov. 20, 2017).................... 4

*Morgan v. Pub. Storage*,
   301 F. Supp. 3d 1237 (S.D. Fla. 2016)............................................................ 6, 8

*Oakes v. Blue Cross & Blue Shield of Fla., Inc.*,
   2016 U.S. Dist. LEXIS 147252 (S.D. Fla. Oct. 21, 2016) .................................. 3

*Parsons v. Brighthouse Networks, LLC*,
   No. 2:09-cv-267, 2015 WL 13629647 (N.D. Ala. Feb. 5, 2015) ........................ 4

*Perez v. Asurion Corp.*,
   501 F. Supp. 2d 1360 (S.D. Fla. 2007)................................................................ 8

*Thorpe v. Walter Inv. Mgmt.*,
   2016 WL 10518902 (S.D. Fla. Oct. 17, 2016) .................................................... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A.*,
   396 F.3d 96 (2d Cir. 2005)................................................................................. 9

*Warren v. City of Tampa*,
   693 F. Supp. 1051 (M.D. Fla. 1988) .................................................................. 2

OTHER AUTHORITIES

MANUAL FOR COMPLEX LITIGATION § 30.42 (3d ed. 1995) ............................................. 5

RULES

Fed. R. Civ. P. 23.1(c) ........................................................................................................ 8

Fed. R. Civ. P. 23(a) ............................................................................................................ i

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................. 8

Fed. R. Civ. P. 23(e)(1) ....................................................................................................... 8

Fed. R. Civ. P. 23(e)(2)(A) .................................................................................................. 6

Fed. R. Civ. P. 23(e)(2)(C) .............................................................................................. i, 7

Fed. R. Civ. P. 23(e)(3) ....................................................................................................... 7

Fed. R. Civ. P. 23(h)(1) ....................................................................................................... 8

-

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

As explained in Plaintiffs' motion for preliminary approval of the Settlement of this action, the Parties spent nearly three years engaged in hotly-contested litigation that involved successive motions to dismiss Plaintiffs' initial and amended complaints; extensive discovery and multiple discovery motions; successive motions to dismiss Defendants' counterclaims and amended counterclaims; a motion for class certification; dueling motions for summary judgment; extensive preparation for trial while engaging in additional motion practice; and arm's-length negotiations over the course of nearly two years, with and without the assistance of two experienced mediators (including a retired U.S. Magistrate Judge), before the Parties and their counsel hammered out the terms of a Settlement Agreement by which they resolved all claims and counterclaims alleged in this action—quite literally on the eve of trial, twice.

That settlement extends far beyond what is considered satisfactory by applicable law, having enabled Settlement Class Members to receive a percentage of their potential recovery that is orders of magnitude larger than the norm. The settlement readily satisfies the other criteria established by Federal Rule of Civil Procedure ("Rule") 23(e) as well.

Specifically, the Class Representatives and Class Counsel readily meet the standard for adequacy as does the settlement proposal itself—particularly when it is considered in light of the costs, risks, and delay of a trial and an appeal; the direct payments to Settlement Class Members; and the terms of the proposed award of attorneys' fees, which will be paid on the same installment basis as the payments to Settlement Class Members. Moreover, the comprehensive notice program was not only formulated by the Parties' counsel, who have decades of class-action experience, it underwent careful scrutiny and modification by the Court before it was distributed to Settlement Class Members and to current members of Nominal Defendant Harbourside Funding, LP (the

"Funding Partnership") who opted out of the Class shortly after this case was certified to proceed as a class action.

Nevertheless, two groups of Limited Partners have submitted objections to the Settlement. One group is composed of 14 Settlement Class Members (13 of whom have used the same boilerplate objection), each of whom contend the Settlement should provide more money and that they should not have to share in the cost of prosecuting the case (*i.e.*, they do not want to pay attorneys' fees or costs). The other group is composed of 29 plaintiffs who have been prosecuting a parallel action in Florida state Court (the "State Court Action"), but did not realize that they had failed to plead a derivative claim based on the breach of the Loan Agreement until the judge in that case advised them that they had no such claim on July 21, 2022—the day before they sent a letter to counsel for the Parties in the present action, demanding that the Settlement include "a payment to the [Funding] Partnership that is at least 199 times any amount being paid to individual class members." After filing a separate derivative case in December 2022, they filed their objection to the Settlement. As Plaintiffs have explained in their response to these objections (which accompanies this motion), the objections are factually and legally baseless.

Accordingly, Plaintiffs respectfully request that the Court confirm the findings in its preliminary-approval order, grant the present motion for final approval, and conclude this action once and for all by entering the final order and judgment.

## II.    ARGUMENT

### A.    THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL

Judicial and public policy favor the voluntary settlement of class litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 1054 (M.D. Fla. 1988)

-

("settlements are highly favored in the law."); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 (S.D. Fla. 2001) (citation omitted) (the Court "should always review the proposed settlement in light of the strong judicial policy that favors settlements."). Thus "there exists 'an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being [the] most complex.'" *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005) (internal citations omitted). With a settlement, class members are ensured a benefit as opposed to "the mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport. Antitrust Litig.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

Thus, a settlement should be approved if it is fair, reasonable, and adequate, and not the product of collusion. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In determining whether a settlement is "fair, adequate, and reasonable," the following factors are generally considered:

> (1) the existence of fraud or collusion behind the Settlement; (2) the complexity, expense and duration of litigation; (3) the stage of proceedings at which the Settlement was achieved and the amount of discovery completed; (4) the probability of the Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of Class Counsel, Class Representatives, and the substance and amount of opposition received.

*Oakes v. Blue Cross & Blue Shield of Fla., Inc.*, 2016 U.S. Dist. LEXIS 147252, at *3 (S.D. Fla. Oct. 21, 2016) (citing *Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)). *See also Bennett*, 737 F.2d at 986.[1]

---

[1] The same standards apply to determining whether to approve a settlement under Rule 23.1. *See, e.g., Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, No. 08-61018-CIV, 2011 WL 13173025, at *5 (S.D. Fla. July 12, 2011) ("The analysis and standards for approval of non-derivative class action settlements are relevant by analogy to the settlement of derivative claims"); *Revive Investing LLC v. FBC Holdings S.A.R.L.*, No. 20CIV618ALCGWG, 2021 WL 56905, at *5–6 (S.D.N.Y. Jan. 7, 2021) ("While the Federal Rules of Civil Procedure do not contain a standard for approval of a derivative action, case law holds that a court must inquire into whether the settlement 'fairly and adequately serves the interests of the corporation on whose behalf the derivative action was instituted") (citing *Milliken on behalf of Hosp. Inv'rs Tr., Inc. v. Am. Realty Capital Hosp. Advisors, LLC*, 2020 WL 3402816, at *1 (S.D.N.Y. June 19, 2020), and *Mautner v. Hirsch*, 1992 WL 106318, at *3 (S.D.N.Y. May 4, 1992)).

Here, there was no fraud or collusion involved in the Settlement. Indeed, as the Court's experience with this case demonstrates, nearly every aspect of this litigation—including the numerous attempts to settle it—involved intense, vigorous advocacy on behalf of the respective Parties, and settlement was not reached until the eve of trial, not once but twice. And although Plaintiffs firmly believed that they would have prevailed on their claims, the Court's order disposing of the Parties' cross-motions for summary judgment demonstrate that neither side had any certainty that they would emerge victorious on their claims. *See generally* ECF No. 163. Moreover, as Plaintiffs have mentioned previously, "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988).[2] The Settlement at issue here is orders of magnitude beyond this standard. *See* Settlement Agreement § II.A. (discussing amounts Settlement Class Members will recover and terms relating to same).

Ultimately, "[a] settlement is fair, reasonable and adequate when 'the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued.'" *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1344 (S.D. Fla. 2011) (citation omitted). That is the case here. Absent a settlement, the resolution of this litigation through the trial process would likely have entailed more protracted litigation and appeals, which would have substantially

---

[2] *See also Mahoney v. TT of Pine Ridge, Inc.*, No. 17-80029-CIV, 2017 WL 9472860, at *7 (S.D. Fla. Nov. 20, 2017) ("even though the total cash recovery for each class remember reflects a maximum of eight-tenths of a percent of the statutory recovery for a single violation, the Court still finds that the recovery here is fair, reasonable, and adequate"); *Thorpe v. Walter Inv. Mgmt.*, 2016 WL 10518902, at *10-11 (S.D. Fla. Oct. 17, 2016) (describing settlement of 5.5% of maximum possible recovery as "excellent" and awarding 33.3% of award as attorneys' fees); *Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 5, 2015) (class settlement recovery of between 13% to 20% is "frequently found ... to be fair and adequate"); *Gevaerts v. TD Bank*, No. 1:14-CV-20744-RLR, 2015 WL 6751061, at *7 (S.D. Fla. Nov. 5, 2015) ("Approximately ten percent (10%) of the most probable sum Plaintiffs anticipated recovering at trial, which is being paid by one defendant on aiding and abetting claims and who did not initiate the scheme, constitutes a very fair settlement"); *In re Newbridge Networks Sec. Litig.*, No. 94-cv-1678, 1998 WL 765724, at *2 (D.D.C. 1998) ("an agreement that secures roughly six to twelve percent of a potential trial recovery, while preventing further expenditures and delays and eliminating the risk that no recovery at all will be won, seems to be within the targeted range of reasonableness).

-

-4-

delayed relief to Class Members—even assuming they ultimately prevailed. *See, e.g., Florida Educ. Ass'n v. Dep't of Educ.*, 447 F. Supp. 3d 1269, 1275–76 (N.D. Fla. 2020) ("Settlement has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient use of judicial resources, and achieve the speedy resolution of justice") (cleaned up).

> 1. ***The Proposed Settlement Provides Substantial Benefits to Each Settlement Class Member as a Result of Good-Faith, Arm's-Length Negotiations by Experienced Class Counsel***

When considering whether a proposed settlement meets the applicable standards, "the trial court is entitled to rely upon the judgment of experienced counsel for the parties." *Cotton*, 559 F.2d at 1330; *see also Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015) (same). Indeed, "a strong initial presumption of fairness attaches to any class action settlement reached by experienced counsel following arms-length negotiations." *In re United States Sugar Corp. Litig.*, No. 08-80101-CIV, 2011 WL 13173854, at *2 (S.D. Fla. Jan. 24, 2011). *See also Desue v. 20/20 Eye Care Network, Inc.*, No. 21-CIV-61275-RAR, 2022 WL 17477004, at *6 (S.D. Fla. Dec. 5, 2022) ("'A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery'") (quoting MANUAL FOR COMPLEX LITIGATION § 30.42 (3d ed. 1995)); *In re Takata Airbag Prod. Liab. Litig.*, No. 14-24009-CV, 2017 WL 11680208, at *4 (S.D. Fla. Sept. 19, 2017) (same); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1345 (same).

Despite the volume and intensity of the Parties' vehement disagreements over the course of this litigation, the Parties' counsel—who have extensive experience with class actions and other forms of complex litigation—managed to forge a Settlement Agreement that reflects the strengths of Plaintiffs' case as well as the attendant uncertainties, which were further complicated by the fact

that trial was imminent. As one court has explained, these considerations augur in favor of final approval:

> Class Counsel did not settle this case before a motion to dismiss or the motion for class certification was decided. Instead, Class Counsel, through its skill and persuasiveness, were able to successfully push this case to the eve of trial, having succeeded in overcoming a motion to dismiss, litigating the disqualification of Public Storage's prior counsel, certifying a class, surviving a motion for summary judgment, and keeping at least some evidence after the Court's rulings on various motions *in limine*. It was only on the very eve of trial, for which Class Counsel spent innumerable hours and tens of thousands of dollars preparing, that the parties settled. And it was only through the skill of Class Counsel that a settlement was achieved.

*Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1261 (S.D. Fla. 2016).

### 2.   *The Named Plaintiffs and Class Counsel Have Adequately Represented the Settlement Class*

When evaluating a class action settlement, the Court should consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). Toward that end, the Eleventh Circuit has explained that the following criteria should be considered: (1) whether the class representatives have interests antagonistic to the interests of other class members; and (2) whether class counsel has the necessary qualifications and experience to lead the litigation. *Kirkpatrick v. J.C. Bradford Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *5-6 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part on other grounds and remanded*, 999 F.3d 1247 (11th Cir. 2021).

Here, the Court found that the Named Plaintiffs/Class Representatives and Class Counsel were adequate representatives of the Class when the motion for class certification was granted in June 2021, *see* ECF No. 113 at 11-13, and it made the same findings in the context of the Settlement when it granted the motion for preliminary approval, *see* ECF No. 260 at 2. Nothing has changed since then. Accordingly, Plaintiffs respectfully submit that these criteria have been met as well.

### 3.    *All Other Rule 23(e)(2)(C) Factors Support Final Approval of the Settlement*

Rule 23(e)(2)(C) also requires the courts to consider whether the relief provided by a settlement is adequate in light of "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;" "the terms of any proposed award of attorney's fees, including timing of payment;" and "any agreement required to be identified under Rule 23(e)(3)." Each of these factors supports approval of the Settlement.

The manner in which the relief provided by the Settlement will be distributed to Settlement Class Members could not be more simple or straightforward. Defendants will pay Settlement Class Members in four successive annual installment payments simultaneously with proportionate amounts of the award of attorneys' fees, which will be paid on the same installment basis. *See* Settlement Agreement § II.A.2. Moreover, as discussed in Plaintiffs' fee petition, the requested award of 25% of the common fund created by the Settlement—inclusive of all litigation expenses Plaintiffs' counsel have incurred—is eminently fair and reasonable in light of the efforts made, the risks involved in the litigation, and the results produced by Class Counsel. *See* ECF No. 263 at 8-14 (discussing same). *See also Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 767 (11th Cir. 2017) ("in this circuit we have identified twenty to thirty percent of the common fund as a 'benchmark' for an attorney's fee award").[3]

### 4.    *The Proposed Settlement Complies with Due Process Requirements and Federal Rules of Civil Procedure 23 and 23.1*

Rule 23 provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be

---

[3] Rule 23(e)(C)(2)(iv) calls for the disclosure of "any agreement required to be identified under Rule 23(e)(3)." No such agreement exists in this case. *See* Declaration of Jeffrey L. Fazio in Support of Plaintiffs' Unopposed Motion for Final Approval of Settlement and Response to Objectors to Settlement ("Fazio Decl.") ¶ 14.

identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23(e)(1) & (h)(1); *Morgan,* 301 F. Supp. 3d at 1261. Similarly, Rule 23.1 provides that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c); *see also Cannon v. Texas Gulf Sulphur Co.*, 55 F.R.D. 308, 313 (S.D.N.Y. 1972) (function of notice in class action and derivative action under Rule 23.1(c) "is to describe the Settlement"). "To satisfy due process requirements, the notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Morgan*, 301 F. Supp. 3d at 1261 (quoting *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811-12 (1985)) (cleaned up). Notice programs that entail distribution by direct mail and by electronic means satisfy these standards. *Janicijevic v. Classica Cruise Operator, Ltd*., No. 20-CV-23223, 2021 WL 2012366, at *2 (S.D. Fla. May 20, 2021); *Morgan,* 301 F. Supp. 3d at 1262; *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 662-63 (S.D. Fla. 2011); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007).

Here, however, the Notice of Proposed Settlement was distributed to all Settlement Class Members and to each of the Other Limited Partners in English, Chinese, and Korean languages by email ***and*** by first-class mail, together with a copy of the Settlement Agreement in unredacted form to Settlement Class Members and with the economic terms redacted from the version that was distributed by first-class mail and by email to the Other Limited Partners. *See* D version that was distributed by first-class mail and by email to the Other Limited Partners. *See* Declaration of Settlement Services, Inc. ("SSI Decl.") ¶¶ 11-16. Moreover, each Settlement Class Member received a copy of Plaintiffs' Motion for Award of Attorneys' Fees and Costs. *See* SSI Decl. ¶¶ 17-21. Thus, the Notice of Proposed Settlement satisfies Rule 23(e)(1), requiring that it "fairly

-

apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores, Inc. v. Visa U.S.A.*, 396 F.3d 96, 114 (2d Cir. 2005).

In addition, Plaintiffs maintained a website (https://harboursideclassaction.com) on which they made available to all Settlement Class Members and Other Limited Partners all relevant information pertaining to the Settlement, including the deadlines for submitting objections and for filing the present motion, as well as the date of the fairness hearing and relevant Settlement documents (*e.g.*, redacted versions of the motion for preliminary approval, the Settlement Agreement, the Motion for Attorneys' Fees and Costs). *See* Declaration of Keliang (Clay) Zhu in Support of Unopposed Motion for Final Approval of Settlement ("Zhu Decl.") ¶¶ 2-5. Thus, the Notice Administrator and the Parties have complied with every aspect of the relevant due process requirements.

**5.** ***Final Approval is Also Supported by the Other Factors Considered by the Eleventh Circuit***

Other factors considered by the Eleventh Circuit support approval of the Settlement, including Settlement Class Members' reaction to the Settlement and the stage of proceedings at which the Settlement was achieved. *Bennett*, 737 F.2d at 986. To date, 14 Settlement Class Members have submitted objections (all but one of whom used the same boilerplate objection) and the Cozen Objectors submitted a single objection to the proposed Settlement (unredacted versions of which have been lodged with the Court and redacted versions will be filed with the present motion in the public docket). As discussed above, these objections have no support from applicable law and are in conflict with the evidentiary record in this case.

The stage of proceedings at which the Settlement was achieved also supports its approval. The Parties reached a Settlement on the eve of trial after years of extremely hard-fought litigation.

*See* ECF No. 246 at 9-12. As a result, Class Counsel "had sufficient information to adequately evaluate the merits of the case and weigh the benefits against further litigation." *Francisco v. Numismatic Guar. Corp.*, 2008 WL 649124, at *11 (S.D. Fla. Jan. 31, 2008).

Thus, all the factors that must be considered under Rule 23(e)(2) and Rule 23.1(a) support a finding that the Settlement is fair, reasonable, and adequate.

## III.    CONCLUSION

After litigating this case vigorously from its inception to the eve of trial, the Parties have negotiated a proposed Settlement Agreement that is fair, reasonable, and adequate by any measure. Accordingly, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement and order the distribution of the Notice of Proposed Settlement to Settlement Class Members and Other Limited Partners.

Dated: May 26, 2023                          Respectfully Submitted,

by /s/ *Robert C.L. Vaughan*

Robert C.L. Vaughan (FBN 130095)
rvaughan@kvllaw.com
Anisha Carla Atchanah (FBN 94630)
aatchanah@kvllaw.com
**KIM VAUGHAN LERNER LLP**
312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
T: 954-527-1115
F: 954-527-1116

Jeffrey L. Fazio (jfazio@dehengsv.com)
(*Admitted Pro Hac Vice*)
Andre Y. Bates (aybates@dehengsv.com)
(*Admitted Pro Hac Vice*)
Yi Yao (yyao@dehengsv.com)
(*Admitted Pro Hac Vice*)
**DEHENG LAW OFFICES, P.C.**
Silicon Valley Office
7901 Stoneridge Drive, Suite 208

Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Counsel for Plaintiffs*

-